Joan C. BROWN, Plaintiff,

v.

Verne ORR, Defendant.

No. C–3–81–376.

United States District Court,
S.D. Ohio, W.D.

March 15, 1983.

Gary A. Snyder, Dayton, Ohio, for plaintiff.

James A. Wilson, Asst. U.S. Atty., Dayton, Ohio, Joseph Henderson, Theodore M. Grossman, Washington, D.C., for defendant.

DECISION AND ENTRY DENYING MOTION TO CERTIFY CLASS PURSUANT TO FED.R.CIV.P. 23(b)(2); CONFERENCE CALL SET TO RESCHEDULE TRIAL AND OTHER DATES

RICE, District Judge.

## I. Introduction

The captioned cause is an employment discrimination action brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–5 and 2000e–16, as a class action pursuant to Fed.R.Civ.P. 23(b)(2). Plaintiff, a black employee at the Air Force Logistics Command at Wright Patterson Air Force Base in Dayton, Ohio, alleges that the use of the Professional and Administrative Career Examination (hereinafter "PACE") by Defendant Orr, Secretary of the United States Air Force, for the purpose of selection of employees for promotion within the Air Force Logistics Command, has a disproportionately adverse impact on black employees seeking promotion. Plaintiff claims that Defendant's use of the PACE constitutes illegal discrimination on the basis of race, in violation of Title VII.

For purposes of this Decision and Entry, the Court notes that the PACE was designed for use by Federal agencies as a part of the procedure used to evaluate applicants for employment or promotion in certain occupations. The results of the exam were to be used as only one part of the evaluation process for internal promotions. Doc. # 13, p. 2. Other criteria to be evaluated in appraising an applicant for promotion were the results of panel or individual interviews, performance appraisals, and the amount of training and specialized experience possessed by the applicant. Id.

PACE was used by the Air Force Logistics Command at Wright Patterson Air Force Base, Tinker Air Force Base in Oklahoma, Hill Air Force Base in Utah, Kelly Air Force Base in Texas, McClellan Air Force Base in California, and at Robins Air Force Base in Georgia. Id. at 3. Because each of these Air Force Logistics Centers possess autonomous internal merit promotion authority, each installation was permitted to determine what role PACE scores

would have in the overall evaluation process for internal promotions. *Id.* at 4–7; Affidavit of John L. Schrader, Doc. # 20.[1]

As a part of the settlement of a similar class action in the District of Columbia, *Luevano v. Campbell,* 93 F.R.D. 68 (1981) (District Judge Joyce Green),[2] the Government agreed to terminate the use of the PACE as of January 18, 1982, for the purposes of evaluating applicants for employment or internal promotion. Doc. # 10, Exhibit "A," Consent Decree, p. 19. Further, the Government agreed that it would not "defend in any administrative or judicial proceeding whether or not connected with this case, the validity of the PACE for use in internal promotions or in selection for Upward Mobility programs." *Id.* at 24.

This case is presently before the Court on Plaintiff's motion seeking an order certifying a class in this action, pursuant to Fed.R.Civ.P. 23(c)(1). Plaintiff contends that this action is maintainable as a class action pursuant to Fed.R.Civ.P. 23(b)(2), for the following class:

> [A]ll past, present and future black AFLC (Air Force Logistics Command) employees who applied for promotion to professional, administrative, or technical jobs for which the defendant administers the PACE exam, who have taken the PACE exam within the period of limitations or will take it hereafter, and who have been, are being, or may in the future be denied promotional opportunities as a result of defendant's use of the PACE.

*Id.* at 1.

As a preliminary matter, the Court notes that, in the future, because of the above stated agreement on the part of the Government to terminate use of the PACE

after January 18, 1982, there will not be any black Air Force Logistics Command employees who take the PACE. Therefore, the Plaintiff's prayer, on behalf of the proposed class, seeking final prospective injunctive or declaratory relief, would appear to be moot, in view of the injunctive relief already available pursuant to the *Luevano, supra,* consent decree. Thus, the Court's determination on whether or not to certify a class in this action will require an amendment to the Plaintiff's proposed class and will, therefore, be made with respect to the following:

> All black Air Force Logistics Command employees who applied for promotion to professional, administrative, or technical jobs, prior to January 19, 1982, for which the defendant administered the Professional and Administrative Career Examination, who took the Professional and Administrative Career Examination within the period of limitations prior to January 19, 1982, and who have been or are being denied promotional opportunities as a result of defendant's use of the Professional and Administrative Career Examination.

In order to establish that Plaintiff may represent the above stated class of claimants in this action, she has the burden of showing that she satisfies all four prerequisites of Fed.R.Civ.P. 23(a), and "that the class [s]he seeks to represent falls within one of the subcategories of Rule 23(b)." *Senter v. General Motors Corp.,* 532 F.2d 511, 522 (6th Cir.1976), *cert. denied,* 429 U.S. 870, 97 S.Ct. 182, 50 L.Ed.2d 150 (1976). In the instant case, Plaintiff seeks certification under Fed.R.Civ.P. 23(b)(2).

Fed.R.Civ.P. 23(a) provides as follows:

(a) Prerequisites to a Class Action.

---

1. John L. Schrader is a Personnel Staffing Specialist assigned to the Directorate of Civilian Personnel at the Headquarters, Air Force Logistics Command at Wright Patterson Air Force Base.

2. The class certified in *Luevano v. Campbell* was defined as:
 > All blacks and all Hispanics who have taken the PACE for hire, *but not promotion,* into

entry-level PACE jobs at any time on or after May 19, 1975, or who, during the term of this Decree, take or may take the PACE and/or any alternative examining procedures developed by an agency and/or OPM for hire, but not promotion, into entry-level PACE jobs. Doc. # 10, Exhibit "A," Consent Decree, pp. 3–4 (emphasis added).

One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In addition to the above, Plaintiffs must also show that:

(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

Fed.R.Civ.P. 23(b)(2).

This Court is aware that "suits alleging racial or ethnic discrimination are often by their very nature class suits, involving class-wide wrongs." *East Texas Motor Freight v. Rodriguez,* 431 U.S. 395, 405, 97 S.Ct. 1891, 1897, 52 L.Ed.2d 453 (1977). However, "careful attention to the requirements of Fed.R.Civ.Proc. 23 remains nonetheless indispensable." *Id.* Thus, with the above stated requirements in mind, and for the reasons set forth below, this Court has determined that class action certification is not appropriate in this case. Accordingly, Plaintiff's motion seeking an order certifying a class in this action, is denied.

II. *Discussion*

 This case presents the question of whether the administration of the PACE has a disparate impact on blacks who seek promotion in their employment with the Air Force Logistics Command. After Plaintiff's presentation of proof on this issue, the normal course of events would require Defendant to show the validity of the PACE for use in internal promotion evaluations. Should Defendant be unable to rebut Plaintiff's prima facie showing of discrimination (the discriminatory impact of PACE) by showing its validity, proof of proximate cause, *i.e.,* that there exists a nexus between the PACE scores and the failure to be promoted, must be offered.

In this case, however, the Government has, without conceding liability, specifically agreed not to defend the validity of the PACE for use in internal promotions. Thus, although Plaintiff will be required to establish a prima facie case of the disparate impact of the PACE on blacks, the Defendant will not attempt to show the validity of PACE for use in internal promotional evaluations. Plaintiff's individual claim for relief will then depend on an examination of the facts particular to her situation which will show: (1) the extent to which the PACE was relied upon in her case, (2) that but for Defendant's reliance on her PACE score she would have been promoted, and (3) if necessary, proof of damages.

The Court is of the opinion, therefore, that only one question of law or fact *common to the proposed class,* as that term is used in Fed.R.Civ.P. 23(a)(2), is presented in this action, to wit, whether the administration of the PACE has a disparate impact on blacks who seek promotion in their employment with the Air Force Logistics Command. As indicated, because of the Government's entering into the Consent Decree in *Luevano, supra,* this common question of law or fact will be easily established by a prima facie case which will not be rebutted or defended. The substantial questions of fact related to a showing of proximate cause and damages are unique to each proposed class member. Such questions are dependent not only on the manner in which the PACE was used at the particular installation in question, but also upon the extent to which the PACE score was used in *each particular* case.

Although the Court recognizes that Rule 23(a)(2) does not require "complete identity of legal claims among the class members," *Stewart v. Winter,* 669 F.2d 328, 335 (5th Cir.1982) (citation omitted), this action presents only one question of law common to the class, that is, the narrow question of disparate impact of PACE on blacks. Resolution of this question is only a starting point in a case such as this because of the

diverse utilization of PACE scores for promotion evaluations between Air Force Logistics Command installations, which raises the proximate cause question of whether there is, in the particular case, a connection between the PACE score and the failure to be promoted. *See, Stastny v. Southern Bell Telephone and Telegraph Co.*, 628 F.2d 267 (4th Cir.1980). The substantial portion of any individual case will *follow* the establishment of disparate impact. Moreover, resolution of the disparate impact question in favor of this Plaintiff alone would operate as offensive collateral estoppel to the benefit of all proposed class members, *see, Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979). Therefore, the disparate impact issue would be resolved in any and all further suits by Plaintiffs similarly situated, without the need to establish the prima facie case and, consequently, without the need to resort to the class action form of litigation sought herein.

In sum, the Court is simply not satisfied that Plaintiff has established a question sufficiently common to all proposed class members to meet the requirements of Fed.R.Civ.P. 23(a)(2).

The preceding analysis has also convinced the Court that Plaintiff has not shown that "the claims or defenses of the representative parties are typical of the claims or defenses of the class" as required by Fed.R.Civ.P. 23(a)(3). "The typicality requirement of Rule 23(a)(3) requires that the Court scrutinize the individual claim of the Plaintiff and determine if it has characteristics common to the claims of the class." *Roundtree v. Cincinnati Bell, Inc.*, 90 F.R.D. 7 (S.D.Ohio 1979).

Plaintiff Joan C. Brown is a black civilian employee of the Air Force Logistics Command at Wright Patterson Air Force Base. She alleges that she was a qualified candidate for promotion to a position as Transportation Management Specialist. Doc. # 1, ¶ 3. Plaintiff further alleges that she lost the position to another white candidate who had scored higher on the PACE. *Id.* The Court believes that, while Plaintiff's claim concerning the disparate impact of PACE may be typical of all class members' claims, she has failed to establish that she was not promoted for reasons typical to every other proposed class member. *See, Roundtree v. Cincinnati Bell, supra.* The Court concludes that there are simply too many factual distinctions to be made with respect to each claim, to warrant a determination that Plaintiff's claim is "typical" of all other claims. Thus, the Court finds that Plaintiff has failed to meet the requirements of Fed.R.Civ.P. 23(a)(3).[3]

Finally, the Court notes that implicit in Fed.R.Civ.P. 23(b)(2), which allows a class action when "the party opposing the class has acted or refused to act on grounds generally applicable to the class," is an "independent requirement of commonality." *Johnson v. American Credit Co. of Georgia*, 581 F.2d 526, 532 (5th Cir.1978). Thus, under Rule 23(b)(2), what is required is "that the challenged conduct or lack of conduct be premised on a ground that is applicable to the *entire* class." *Id., quoting,* 7A C. Wright & A. Miller, *Federal Practice and Procedure: Civil § 1775,* at 21 (1972) (emphasis added).

Plaintiff seeks to bring a class action on behalf of all black persons employed by the Air Force Logistics Command who have been denied promotional opportunities as a result of the use of PACE. However, the Court does not believe that the facts, as alleged, will support a finding that Defendant has acted on grounds "generally applicable to the class," because Plaintiff has failed to rebut the facts that the PACE is used in varying degrees from installation to installation and, within a particular installation, that the examination, depending upon the manner in which a myriad of other variables impact upon a given individual, may or may not have resulted in that individual's failure to be promoted. Thus,

---

**3.** The Court's adverse ruling with respect to Fed.R.Civ.P. 23(a)(2) and (a)(3) renders unnecessary any findings regarding Fed.R.Civ.P. 23(a)(1), numerosity, or (a)(4), adequate representation.

Plaintiff has failed to establish that class action certification is appropriate in this case under Rule 23(b)(2).[4]

### III. *Conclusion*

In summary, the Court finds that Plaintiff has failed to establish that questions of law and fact common to the class exist as required by Fed.R.Civ.P. 23(a)(2), and that her claim is typical of the claims of the class as required by Fed.R.Civ.P. 23(a)(3). Further, Plaintiff has failed to show that Defendant has acted on grounds generally applicable to the class, as required by Fed.R. Civ.P. 23(b)(2). Accordingly, Plaintiff's motion seeking an order certifying class pursuant to Fed.R.Civ.P. 23(b)(2), is denied.

Counsel listed below will take note that a further pretrial conference, *by conference call telephone communication,* will be held at 8:20 a.m. on Wednesday, March 23, 1983, for the purpose of resetting the trial date, the date for a final pretrial conference, discovery cut-off date, et cetera. During this conference, a discussion of possible reference of this case to the United States Magistrate will be discussed.

---

4. As stated, *supra,* the Court also has doubts about whether "final injunctive relief or corresponding declaratory relief with respect to the class as a whole" would be appropriate in this case, in view of the injunctive relief already available pursuant to the *Luevano, supra,* Consent Decree.

Further, with respect to Fed.R.Civ.P. 23(b)(3), the Court believes that, having determined that Plaintiff has not met the commonality requirement of Fed.R.Civ.P. 23(a)(2), the Court believes that it necessarily follows that Plaintiff could not meet the requirement of *predominant* commonality as required by Fed.R. Civ.P. 23(b)(3), which reads, in pertinent part, as follows:

(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.