Eunice E. **ANDREWS**, et al., Plaintiffs,

v.

Verne **ORR**, Defendant.

No. C-3-84-445.

United States District Court,
S.D. Ohio, W.D.

June 14, 1985.

Irvin J. Zipperstein, Dayton, Ohio, Joseph F. Henderson, Mt. Ranier, Md., for plaintiffs.

Gerald F. Kaminski, Asst. U.S. Atty., Dayton, Ohio, Elizabeth A. Pugh, U.S. Dept. of Justice, Lt. Col. Perry Anderson, HQS. USAF–JACL, Washington, D.C., for defendant.

## DECISION AND ENTRY SUSTAINING IN PART DEFENDANT'S MOTION TO DISMISS; FURTHER PROCEDURES SET; CONFERENCE CALL SET

RICE, District Judge.

This is an employment discrimination action, which Plaintiffs bring as a class action, seeking redress for what they assert were acts of discrimination committed by their employer, the Defendant. The Plaintiffs are black, civilian employees of the Air Force Logistics Command ("AFLC") stationed at Wright-Patterson Air Force Base ("WPAFB"). The Plaintiffs allege that they were discriminated against on the basis of their race by the denial of promotions. Plaintiffs base this allegation on the use of the Professional and Administrative Career Examination ("PACE") by the AFLC to select employees for promotion. Plaintiffs contend that PACE had a disparate impact upon blacks.

This is the third class action, of which this Court is aware, challenging the disparate impact of PACE. The first of these was *Luevano v. Campbell*, 93 F.R.D. 68 (D.D.C.1981). Subsequently, a class action was commenced in this Court on behalf of all black AFLC employees who sought promotion to professional, administrative or technical jobs prior to January 19, 1982, for which the PACE exam was administered, and who were denied promotional opportunities as a result of Defendant's use of PACE. *Brown v. Orr*, 99 F.R.D. 524 (S.D. Ohio 1983). On March 15, 1983, this Court issued its Decision denying class certification in *Brown*. The Plaintiffs herein took

no action at that time. On April 18, 1983, the plaintiff in *Brown* filed a second motion to certify a class therein.[1] Before this Court ruled on the then pending, second motion to certify, the Plaintiff in *Brown* settled her individual claim on July 12, 1983, and the cause was dismissed with prejudice. Once again, the Plaintiffs herein took no action with regard to the *Brown* case. Rather, between July 26 and July 28, 1983, the Plaintiffs herein initiated the administrative process by contacting their EEO counselor.

This cause is now before the Court on Defendant's Motion to Dismiss. (Doc. # 6). In his motion, the Defendant asserts that this Court lacks subject matter jurisdiction over the Plaintiffs' individual claims because the Plaintiffs failed to exhaust their administrative remedies within thirty days as required by 29 C.F.R. § 1613.214(a)(1)(i). Additionally, Defendant contends that Plaintiffs' class action claims are barred by *res judicata* as a result of this Court's decision in *Brown* overruling the motion to certify. The Court will discuss the many issues raised by Defendant's motion to dismiss Plaintiffs' individual claims, and then the Court will focus on the issues raised by Defendant's motion to dismiss the Plaintiffs' request for classwide relief.

## (1) *Individual Claims.*

At least for purposes of ruling on the present motion, Defendant implicitly concedes that any timeliness requirement imposed upon Plaintiffs by the regulations was tolled during the pendency of the *Luevano* class action and the *Brown* class action until March 18, 1983, when this Court overruled the motion to certify in that case. Thereafter, Defendant argues, the timeli-

ness requirement in 29 C.F.R. § 1613.-214(a)(1)(i) became applicable and that Plaintiffs were required to file a complaint with their EEO counselor within thirty days.[2] This, the argument continues, the Plaintiffs did not do. Additionally, Defendant contends that the thirty day requirement contained in § 1613.214(a)(1)(i) is jurisdictional and not subject to equitable tolling.

Plaintiffs argue that they seek classwide relief, and, as a consequence, the regulations regarding claims for classwide relief are applicable. *See* 29 C.F.R. § 1613.601 *et seq.* Particularly, Plaintiffs would have the Court apply the ninety day time limit contained in § 1613.602(a). Alternatively, Plaintiffs argue that even if the thirty day time limit contained in § 1613.214(a)(1)(i) applies, it did not begin to run until this Court's decision overruling the motion to certify became final on September 15, 1983 when the time to appeal that decision expired. *See* Rule 4(a)(1), Fed.R.App.P. Additionally, Plaintiffs argue that the thirty day requirement of § 1613.214(a)(1)(i) is not jurisdictional; rather, they contend it is subject to equitable tolling.

Thus, this Court is faced with three distinct questions: (1) which time limit set forth in the regulations is applicable; (2) when did the time begin to run; and (3) are the limitations periods set forth in the regulations jurisdictional or are they subject to equitable tolling.

This Court is of the opinion that the thirty day limitation contained in § 1613.-214(a)(1)(i), rather than the ninety day period in § 1613.602(a), is controlling herein. Two independent reasons support this conclusion. First, the regulations implicitly

---

**1.** This second motion to certify in *Brown* limited the class to employees at WPAFB, precisely the same class as the Plaintiffs seek to represent herein.

**2.** Section 1613.214(a)(1)(i) provides:
(a) Time Limits. (1) An agency shall require that a complaint be submitted in writing by the complainant or his representative and be signed by the complainant. The complaint may be delivered in person or submitted by

mail. The agency may accept the complaint for processing in accordance with this subpart only if:
(i) The complainant brought to the attention of the Equal Employment Opportunity Counselor the matter causing him to believe he had been discriminated against within 30 calendar days of the date of that matter, or, if a personnel action, within 30 calendar days of its effective date . . . .

recognize that different members of the same putative class may not repeatedly initiate class actions based on the same conduct. *See* 29 C.F.R. § 1613.604(b).[3] This is what Plaintiffs attempt herein. The *Brown* class action did not result in class-wide relief; therefore, the Plaintiffs seek to bring essentially the same class action.

More fundamentally, the only basis for reaching any of the issues presented by Defendant's motion is to assume, as Defendant does implicitly, that whatever time limitation was applicable, it was tolled during the pendency of the *Luevano* and *Brown* class actions. This assumption is grounded in the Supreme Court decisions in *American Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974) and *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 103 S.Ct. 2392, 76 L.Ed.2d 628 (1983). In *American Pipe* and *Crown Cork & Seal*, the Court held that the filing of a class action tolls the running of statutes of limitations. In *Crown, Cork & Seal*, the Court said:

> Once the statute of limitations has been tolled, it remains tolled for all members of the putative class until class certification is denied. At that point, class members may choose to file their own suits or to intervene as plaintiffs in the pending action.

462 U.S. at 354, 103 S.Ct. at 2397. However, courts which have considered the question have consistently held that the statute of limitations is *not* tolled for purposes of initiating a new class action, *see Smith v. Flagship International*, 609 F.Supp. 58 (N.D.Tex.1985); *Burns v. Ersek*, 591 F.Supp. 837 (D.Minn.1984), in order to avoid perpetual tolling of the statute of limitations by the filing of repeated class actions. This Court agrees with those holdings.

■ Based on the foregoing, the Court concludes that the applicable time limita-

tion for Plaintiffs' claims is the thirty day period contained in § 1613.214(a)(1)(i), rather than the ninety day period of § 1613.-602(a), even though Plaintiffs purport to bring this action as a class action.

■ Having so concluded, the Court must next consider what event triggers the running of the thirty day period. As set forth above, Defendant argues that the thirty day period begins to run when this Court overruled the motion to certify the class in *Brown*. Plaintiffs, on the other hand, argue that the thirty day period began to run when the decision in *Brown* became final, in other words when the appeal time had run.

The Court agrees with Defendant. *American Pipe* and *Crown, Cork & Seal* teach that the statute of limitations is tolled *only* during the pendency of a motion to certify. *See* 414 U.S. at 561, 94 S.Ct. at 770; 462 U.S. at 354, 103 S.Ct. at 2397. Thus, the thirty day limitation in § 1613.214(a)(1)(i) began to run on March 15, 1983 when this Court overruled the motion to certify in *Brown*. Moreover, even if we assume that the filing of the second motion to certify in *Brown*, on April 18, 1983, once again tolled the running of § 1613.214(a)(1)(i), it began to run again when *Brown* was dismissed with prejudice on July 12, 1983. This dismissal would not entitle Plaintiffs to a new thirty days. Rather, under the teachings of *American Pipe* and its progeny, Plaintiffs had to initiate the administrative proceedings required by § 1613.214(a)(1)(i) within whatever remained of the thirty days, following the July 12, 1983 dismissal. 414 U.S. at 561, 94 S.Ct. at 770. Plaintiffs did not begin this process until July 26, 1983. Thus, when one examines the two periods that were not subject to tolling, March 15, 1983 to April

---

**3.** Section 1613.604(b) provides, in part:
(b) The Complaints Examiner may recommend that the agency reject the complaint, or a portion thereof, for any of the following reasons:

. . . . .

(2) It consists of an allegation identical to an allegation contained in a previous complaint filed on behalf of the same class which is pending in the agency or which has been resolved or decided by the agency.

18, 1983[4] and July 12, 1983 to July 26, 1983, it becomes apparent that Plaintiffs waited more than thirty days to initiate the administrative process. However, Plaintiffs seek refuge in the doctrine of equitable tolling, and it is to a discussion of that doctrine which the Court must now turn.

█ As stated above, Defendant argues that the timeliness requirement of § 1613.-214(a)(1)(i) is jurisdictional, that it is not subject to equitable tolling. In reaching this argument, Defendant relies on *Sims v. Heckler*, 725 F.2d 1143 (7th Cir.1984) in which the court reasoned that since Title VII is a waiver of sovereign immunity, it must be narrowly construed. Consequently, the *Sims* court concluded that the thirty day period in § 1613.214(a)(1)(i) was jurisdictional. With all due respect, this Court disagrees. Recently, in *Watts v. Department of the Air Force*, Case No. C–3–84–454 (S.D.Ohio), this Court addressed and rejected a similar contention that the time period in 42 U.S.C. § 2000e–16(c) is jurisdictional, stating:

> The uncertainty as to the nature of 42 U.S.C. § 2000e–16(c) arises due to the tension between the decision in *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385 [102 S.Ct. 1127, 71 L.Ed.2d 234] (1982), and the doctrine of sovereign immunity. In *Zipes*, the Supreme Court held that the statutory time limit of 42 U.S.C. § 2000e5(e) for filing suit against a private employer was not a jurisdictional prerequisite for a federal court action but, rather, that the timeliness requirement was akin to a statute of limitation and thus subject to waiver, estoppel and equitable tolling. The Seventh Circuit, however, in *Sims v. Heckler*, 725 F.2d 1143 (7th Cir.1984), held that a federal employee's failure to file a timely administrative charge with the EEOC under 29 C.F.R. § 1613.214(a)(1)(i) barred a later suit. The rationale of the *Sims* court was that considerations of sovereign immunity made the principles underlying

*Zipes* inapplicable when the defendant is the federal government. 725 F.2d at 1145. Based upon *Sims*, some federal courts, including the Seventh Circuit in *Stuckett v. United States Postal Service*, 732 F.2d 158 (7th Cir.1984), *cert. den.*, [— U.S. —] 105 S.Ct. 274 [83 L.Ed.2d 210] (1984), have held 42 U.S.C. § 2000e–16(c) to be jurisdictional.

> While the position of the *Sims* court is certainly a credible one, this Court is mindful of the fact that 42 U.S.C. § 2000e–16(c) was part of the 1972 amendments whereby Congress extended the reach of Title VII to encompass federal employment discrimination. The intent of Congress in so amending Title VII was to give federal employees essentially the same rights and remedies which had been provided to employees in the private sector. H.R.Rep. No. 238, 92d Cong., 2d Sess. *reprinted in* 1972 U.S.Code Cong. & Adm.News 2157–2160. This Court thus feels the decisions of the Tenth, Eleventh and D.C. Circuits, which have relied upon *Zipes* in analogizing 42 U.S.C. § 2000e–16(c) to a statute of limitations, to represent the better view of this section. *Martinez v. Orr*, 738 F.2d 1107 (10th Cir.1984); *Milam v. United States Postal Service*, 674 F.2d 860 (11th Cir.1982); *Saltz v. Lehman*, 672 F.2d 207 (D.C.Cir.1982).

Slip op. at 2–4. *See also, Neves v. Kolaski*, 602 F.Supp. 645 (D.R.I.1985).

Nothing in the present case causes this Court to revisit the conclusion it reached in *Watts*. On the contrary, the present case reinforces that conclusion. If the Defendants basic premise was correct, the limitation of § 1613.214(a)(1)(i) would not have been tolled during the pendency of the motion to certify in *Brown*. In *Crown, Cork and Seal*, the Supreme Court extended its holding of *American Pipe* (that the statutes of limitations are tolled during the pendency of a motion to certify) to Title VII cases, in part, because the time limita-

---

**4.** The Court rejects any suggestion by Plaintiffs that the thirty day period was tolled after the Court granted permission to the Plaintiff to file a second motion to certify on March 25, 1985 and before the Plaintiff therein actually filed same on April 18, 1983. During that period, no motion to certify was pending in this Court.

tions contained in Title VII are not jurisdictional. *See* 462 U.S. at 349 n. 3, 103 S.Ct. at 2395 n. 3. If § 1613.214(a)(1)(i) is jurisdictional, then not even the pendency of a motion to certify could toll it, and the Plaintiffs' claims would have been time barred long ago.

Accordingly, this Court concludes that the period in § 1613.214(a)(1)(i) is subject to equitable tolling. However, this does not mean that the Plaintiffs are necessarily protected by the doctrine. Although the Plaintiffs argue in favor of equitable tolling and make certain oblique references to its application herein, they do not set forth or support with affidavits their theory of equitable tolling with any specificity. Therefore, the Court hereby directs Plaintiffs to file a supplemental memorandum in opposition to the motion to dismiss within thirty days of the receipt of this Decision and Entry. This memorandum must set forth precisely why the limitation contained in § 1613.214(a)(1)(i) was tolled herein, and the Plaintiffs' contentions must be supported by affidavits or by other evidence. The Defendant shall have twenty days thereafter within which to file a reply memorandum with accompanying documentation.

(2) *Class Action Claims.*

Defendant moves to dismiss Plaintiffs' class action claims, arguing that they are barred by the res judicata effect of this Court's decision in *Brown,* overruling the motion to certify, which was not appealed. The Court agrees with Defendant that Plaintiffs may not assert their class action claims herein; however, the Court reaches its conclusion by a different route. Therefore, the Court finds it unnecessary to travel the path of *res judicata.*

■ In the discussion of Defendant's motion to dismiss as it relates to the Plaintiffs' individual claims, this Court concluded that the claims were governed by the administrative regulations relating to individual actions rather than class actions. In part, the Court reached this conclusion because the tolling principle enunciated in *American Pipe* and *Crown, Cork & Seal* applies only to the initiation of a new personal action and not a new class action. Thus, the time limitation, imposed upon Plaintiffs by the regulations, for requesting classwide relief, as opposed to merely personal relief, was *not* tolled during the pendency of the motion to certify in *Brown.* Therefore, the Plaintiffs' claims for classwide relief were long ago time barred. Accordingly, the Court hereby orders Plaintiffs' claims for classwide relief dismissed.

(3) *Conclusion.*

Based on the foregoing, the Court hereby sustains Defendant's Motion to Dismiss in part and defers ruling on same in part. The Court dismisses Plaintiffs' claims for classwide relief and defers ruling on Plaintiffs' individual claims for relief until the completion of the procedures which the Court set forth above. Furthermore, the Court has set a conference call at 1:10 p.m. on Tuesday, June 25, 1985, for the purpose of setting a trial date and other dates necessary to the ultimate resolution of this dispute.