**Eunice ANDREWS, Patricia Chilton, Barbara Tommie, et al., Plaintiffs–Appellants,**

v.

**Verne ORR, Secretary of the Air Force, Defendant–Appellee.**

No. 87–3397.

United States Court of Appeals, Sixth Circuit.

Argued April 26, 1988.

Decided June 30, 1988.

---

Joseph F. Henderson, Mt. Rainier, Md., for plaintiffs-appellants.

Paul Blankenstein, Judith F. Ledbetter, Anthony W. Norwood, Elizabeth A. Pugh, Dept. of Justice, Civil Div., Washington, D.C., Robert S. Greenspan, Michael E. Robinson (argued), Dale Ann Goldberg, Asst. U.S. Atty., Dayton, Ohio, for defendant-appellee.

Before LIVELY, KRUPANSKY and BOGGS, Circuit Judges.

LIVELY, Circuit Judge.

This is an employment discrimination case filed as an individual and class action by federal employees under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (1982). The appeal concerns the application of requirements that administrative remedies be sought in a timely manner prior to the commencement of court proceedings. With regard to individual claims, the regulation involved is 29 C.F.R. § 1613.214(a)(1)(i), which provides:

**§ 1613.214 Filing and presentation of complaint.**

(a) *Time limits.* (1) An agency shall require that a complaint be submitted in writing by the complainant or his representative and be signed by the complainant. The complaint may be delivered in person or submitted by mail. The agency may accept the complaint for processing in accordance with this subpart only if:

(i) The complainant brought to the attention of the Equal Employment Opportunity Counselor the matter causing him to believe he had been discriminated against within 30 calendar days of the date of that matter, or, if a personnel action, within 30 calendar days of its effective date;

Different regulations cover claims for classwide relief. See 29 C.F.R. § 1613.601 et seq. These regulations contain a ninety day time limit. 29 C.F.R. § 1613.602(a). The regulations are part of a comprehensive administrative scheme, culminating in consideration of claims of employment discrimination by the Equal Employment Opportunity Commission (EEOC) as the final stage before litigation.

I.

Since the sequence and dates of various steps are critical to the decision of the appeal, we set forth the district court's succinct statement of the case:

The plaintiffs are black, civilian employees of the Air Force Logistics Command ("AFLC") stationed at Wright–Patterson Air Force Base ("WPAFB"). The Plaintiffs allege that they were discriminated

against on the basis of their race by the denial of promotions. Plaintiffs base this allegation on the use of the Professional and Administrative Career Examination ("PACE") by the AFLC to select employees for promotion. Plaintiffs contend that PACE had a disparate impact upon blacks.

This is the third class action, of which this Court is aware, challenging the disparate impact of PACE. The first of these was *Luevano v. Campbell*, 93 F.R.D. 68 (D.D.C.1981). Subsequently, a class action was commenced in this Court on behalf of all black AFLC employees who sought promotion to professional, administrative or technical jobs prior to January 19, 1982, for which the PACE exam was administered, and who were denied promotional opportunities as a result of Defendant's use of PACE. *Brown v. Orr*, 99 F.R.D. 524 (S.D. Ohio 1983). On March 15, 1983, this Court issued its Decision denying class certification in *Brown*. The Plaintiffs herein took no action at that time. On April 18, 1983, the plaintiff in *Brown* filed a second motion to certify a class therein.[1] Before this Court ruled on the then pending, second motion to certify, the Plaintiff in *Brown* settled her individual claim on July 12, 1983, and the cause was dismissed with prejudice. Once again, the Plaintiffs herein took no action with regard to the *Brown* case. Rather, between July 26 and July 28, 1983, the Plaintiffs herein initiated the administrative process by contacting their EEO counselor.

[1] This second motion to certify in *Brown* limited the class to employees at WPAFB, precisely the same class as the Plaintiffs seek to represent herein.

*Andrews v. Orr*, 614 F.Supp. 689, 690–91 (S.D. Ohio 1985).

The defendant moved to dismiss the individual claims for lack of jurisdiction because the plaintiffs had failed to file complaints with their EEO counselor within thirty days after the district court's denial of the first motion for class certification in the *Brown* case. The defendant conceded, at least implicitly, that time limits for filing

individual administrative complaints were tolled during the pendency of the class action but contended that tolling ended with the district court's March 15, 1983, order. The defendant also moved to dismiss the class claim, contending that the tolling rule does not apply to such claims.

The district court concluded that the pendency of the *Luevano* and *Brown* class actions tolled the period for filing individual claims, but that it did not toll the limitations period for any new claims seeking classwide relief. 614 F.Supp. at 692. The district court then determined that the thirty day limitations period applicable to the plaintiffs' individual claims began to run with the March 15 denial of class certification in *Brown*. Since the plaintiffs filed their complaints with their EEO counselor in July, they were out of time. The court also held, however, that the thirty day requirement is not jurisdictional and is subject to equitable tolling. *Id.* at 693–94. In a later unreported decision filed on February 27, 1987, the district court held that the plaintiffs had not established facts to support a finding that equitable tolling should be applied to extend the time in which they could have filed their individual administrative complaints. The district court then dismissed the action with prejudice, and this appeal followed.

## II.

### A.

The district court was clearly correct in holding that pendency of the *Luevano* and *Brown* class actions tolled the limitations periods for the plaintiffs' individual claims. In *American Pipe & Construction Co. v. Utah*, 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974), the Supreme Court stated the rule that "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." *Id.* at 554, 94 S.Ct. at 766 (footnote omitted). Later the Court applied this rule in a Title VII case and clarified the duration and effect of the

tolling. *Crown, Cork & Seal Co. v. Parker,* 462 U.S. 345, 103 S.Ct. 2392, 76 L.Ed.2d 628 (1983). There the Court stated that "[o]nce the statute of limitations has been tolled, *it remains tolled* for all members of the putative class *until class certification is denied.* At that point, class members may choose to file *their own suits* or to intervene as plaintiffs in the pending action." *Id.* at 354, 103 S.Ct. at 2397–98 (emphasis added).

### B.

■ We also agree with the district court's conclusions concerning the plaintiffs' attempt to gain classwide relief. The courts of appeals that have dealt with the issue appear to be in unanimous agreement that the pendency of a previously filed class action does not toll the limitations period for additional class actions by putative members of the original asserted class. See *Korwek v. Hunt,* 827 F.2d 874, 879 (2d Cir.1987) ("The Supreme Court … certainly did not intend to afford plaintiffs the opportunity to argue and reargue the question of class certification by filing new but repetitive complaints."); *Salazar–Calderon v. Presidio Valley Farmers Ass'n,* 765 F.2d 1334, 1351 (5th Cir.1985), *cert. denied,* 475 U.S. 1035, 106 S.Ct. 1245, 89 L.Ed.2d 353 (1986) ("Plaintiffs have no authority for their contention that putative class members may piggyback one class action onto another and thus toll the statute of limitations indefinitely…."); *Robbin v. Fluor Corp.,* 835 F.2d 213, 214 (9th Cir. 1987) (adopting reasoning of *Korwek*). These decisions reflect the concern expressed by Justice Powell, concurring separately in *Crown, Cork & Seal:* "The tolling rule of *American Pipe [& Constr. Co. v. Utah,* 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed. 2d 713 (1974)] is a generous one, inviting abuse." 462 U.S. at 354, 103 S.Ct. at 2398.

The plaintiffs make one contention that is not mentioned in any of the cited cases. Relying on *United Airlines, Inc. v. Mc-Donald,* 432 U.S. 385, 97 S.Ct. 2464, 53 L.Ed.2d 423 (1977), they argue that the time for filing their class claims was tolled until all appeal and intervention rights expired in *Brown.* They misconstrue the holding of *McDonald.* In that case the plaintiff was permitted to intervene in an earlier class action of which she was a putative class member solely for the purpose of appealing the court's denial of class certification. *McDonald* dealt only with the right to intervene for the purpose of seeking reversal of a denial of class certification; nothing in the opinion supports the view that the *American Pipe* tolling rule applies to class members who do not intervene to appeal, but seek to initiate a new class action.

### C.

Thus we agree with the district court that the thirty day limitations period for filing individual administrative complaints was tolled during the pendency of the earlier class actions, but that there was no tolling for future class actions by putative class members. We turn next to the question of when tolling ended and the thirty day period began to run for the plaintiffs' individual claims.

### III.

■ As stated earlier, the district court denied class certification in *Brown* on March 15, 1983. At a pretrial conference on March 23, 1983, the plaintiff in *Brown* indicated that she intended to file a second motion to certify a class limited to employees at WPAFB. On March 25 the court issued a pretrial order directing Brown to file such a motion within thirty days. Complying with this order, Brown filed her second motion for class certification on April 18. This motion was still pending when the *Brown* case was settled and dismissed in July. The district court held that since there was no motion to certify a class in *Brown* pending between March 15 and April 18, the plaintiffs' time to file individual EEO complaints began to run on March 15 and expired on April 15. The court stated that tolling was not triggered by the *Brown* plaintiff's notification of her intention to file a second motion for class certification, or by the district court order granting thirty days for filing the motion. The

district court emphasized that tolling occurs under the *American Pipe–Crown, Cork & Seal* rule only during the pendency of a class action, and *Brown* ceased to be a class action on March 15, 1983. 614 F.Supp. at 692–93.

The plaintiffs argue on appeal that the thirty day filing period was continuously tolled from the commencement of the *Luevano* class action until the *Brown* class action was finally settled on July 12, 1983, with the second motion for certification still pending. In the alternative, they contend that the March 23, 1983, notice of intent to file a second motion to certify in *Brown* revived tolling. Thus, they contend their individual claims, filed between July 26 and 28, 1983, were timely. The defendant responds that tolling ended on March 15 and the plaintiffs' time ran out on April 15 because no class action or motion to certify a class was pending on that date.

We agree with the district court and defendant. The thirty day filing requirement triggers the entire administrative mechanism for handling claims of discrimination, and is normally measured from the occurrence of the "matter" causing an employee to believe she has suffered discrimination. It is intended to bring complaints to the attention of the employer expeditiously. So long as a class action is pending the employer-agency is on notice of the claims of all putative class members. Once the class action ends, however, the employee is required to bring her individual claim to the attention of the employer by filing an administrative complaint with her EEO counselor. Absent a showing of grounds for equitable tolling, which we discuss later, there is no basis in the regulations or the case law for relieving an employee of the obligation to take this step within thirty days as required by 29 C.F.R. § 1613.214(a)(1)(i). Even if the *Brown* plaintiff's second motion for class certification somehow revived or reactivated tolling, it came too late. More than thirty days had gone by in which neither a class action nor a motion for class certification was pending.

We find nothing in *American Pipe* or *Crown, Cork & Seal* to indicate that mere notice by the *Brown* plaintiff of her intent to file a second motion for class certification began a new tolling period. It is the filing of a class action and the pendency of a motion to certify that suspend the running of a limitations period for putative class members, and the period for filing begins to run anew when class certification is denied. Nothing less will suffice to maintain the period of suspension.

## IV.

### A.

■ The plaintiffs' final argument is that the thirty day filing period was subject to equitable tolling until the *Brown* case was finally dismissed. The district court correctly held that the filing requirements of 29 C.F.R. § 1613.214(a) are not jurisdictional and are subject to equitable tolling. *Boddy v. Dean*, 821 F.2d 346 (6th Cir.1987). The district court found, however, that the plaintiffs' affidavits provided no basis for invoking the equitable tolling doctrine. The court stated that equitable tolling may be premised either upon misleading conduct by the employer or ineffective but diligent conduct by the employee that causes her to miss a filing deadline. The court found that neither condition existed in this case.

The plaintiffs maintain that they reasonably believed that the pendency of the Brown case protected their interests until that case was finally settled on July 12, 1983. They note that although the first motion for class certification was denied on March 15, that ruling could not have been appealed until a final judgment was entered, *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978), and they did not know until *Brown* was settled that there would be no appeal of the class denial. Since the *Brown* plaintiff's second motion for certification was still pending at the time of settlement and dismissal, the plaintiffs contend that they reasonably believed there had been no final resolution of the class action issue upon which their rights depended. Further, they

acted promptly—filing their administrative claims within sixteen days after settlement of *Brown*—and thus did not sleep on their rights.

### B.

This court has addressed the application of equitable tolling in many employment discrimination cases involving both public and private employers. *E.g., Boddy v. Dean,* supra; *Wright v. State of Tennessee,* 628 F.2d 949 (6th Cir.1980); *Brown v. Mead Corp.,* 646 F.2d 1163 (6th Cir.1981); *Geromette v. General Motors Corp.,* 609 F.2d 1200 (6th Cir.1979), *cert. denied,* 446 U.S. 985, 100 S.Ct. 2967, 64 L.Ed.2d 841 (1980). One theme that runs throughout these cases is that equitable tolling is to be carefully applied. See *Wilson v. Grumman Ohio Corp.,* 815 F.2d 26, 28 (6th Cir. 1987) (application "is usually very much restricted"); *Brown v. Mead Corp.,* 646 F.2d at 1165 (appropriate "in limited circumstances"). On the other hand, in considering whether to apply equitable tolling in a given case, the court must be sensitive to the broad remedial purposes of Title VII.

The most common situation calling for equitable tolling involves some affirmative representation or action by the employer that causes an employee to miss a filing deadline. See *Leake v. University of Cincinnati,* 605 F.2d 255, 259 (6th Cir.1979) (express statements by the employer, and the employee's reliance thereon, could reasonably have led to delay in filing claim). Although the regulations create a difficult maze which must be traversed by federal employees with discrimination claims, this is not a case where an affirmative act or representation by the employer caused the plaintiffs to miss the thirty day filing deadline. However, this court stated in *Fox v. Eaton Corp.,* 615 F.2d 716, 718 (6th Cir. 1980), *cert. denied,* 450 U.S. 935, 101 S.Ct. 1401, 67 L.Ed.2d 371 (1981), that "courts have not hesitated to at least consider and in some circumstances to apply equitable tolling principles in contexts in which the employer's conduct has not caused the employee to delay in pursuing his claim."

In *Wright v. State of Tennessee,* 628 F.2d at 953, we identified by reference to another opinion some factors we felt pertinent to a decision whether to apply equitable tolling in a given case. The factors are: (1) lack of actual notice of filing requirement; (2) lack of constructive knowledge of filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement. The Supreme Court stated in *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 152, 104 S.Ct. 1723, 1726, 80 L.Ed.2d 196 (1984), that "[a]lthough absence of prejudice is a factor to be considered in determining whether the doctrine of equitable tolling should apply once a factor that might justify tolling is identified, it is not an independent basis for invoking the doctrine...." Thus, we look beyond the absence of prejudice to the defendant, a factor upon which the plaintiffs have laid great stress.

### C.

Since the plaintiffs do not claim lack of knowledge or notice of the filing requirement, our inquiry is limited to examining their diligence in pursuing their rights and the reasonableness of their ignorance of the effect of the district court's March 15 denial of the first motion for class certification in *Brown.* The circumstances surrounding the court's treatment of the *Brown* plaintiff's second motion for class certification provide the strongest support for the plaintiffs' arguments. The district court granted Brown thirty days from March 25, 1983, to file the second motion, and Brown filed it on April 18, 1983. That motion sought certification of a class that clearly included the plaintiffs in the instant action.

Although the second motion was filed more than thirty days after the first one was denied, it seems reasonable for the plaintiffs here to assume that the court's March 25 order had the effect of keeping open the class action question so long as Brown formally raised it again within thirty days. While we agree with the district

court that technically there was no class action or class certification motion pending between March 15 and April 18, the circumstances appear to justify the plaintiffs' belief that the question of whether *Brown* could proceed as a class action was not finally determined until that case was settled and dismissed in July. The plaintiffs' affidavits all state that they did not become aware that the motion to certify *Brown* as a class action had been "overruled" (actually extinguished by settlement and dismissal) "until after July 19, 1983." That was the date on which a notice was sent to all affected class members in PACE litigation by the American Federation of Government Employees. The plaintiffs acted promptly after becoming aware of the true state of affairs.

Having identified the circumstances upon which the plaintiffs could have reasonably relied in delaying, and having determined that they acted with diligence upon being informed of their need to do so, we also consider the lack of prejudice to the defendant, *Baldwin*, 466 U.S. at 152, 104 S.Ct. at 1726, and conclude that the plaintiffs have presented a case for application of equitable tolling. The district court recognized the difficult procedural requirements imposed by the regulations. In its unpublished opinion, the court stated that "[b]y setting short time limitation periods and establishing a maze of regulatory appeals, the government virtually assures that any but the most astute worker will find his or her claim barred by some procedural technicality once he or she gets to the United States District Court." We agree and believe these plaintiffs should be able to pursue their individual claims.

The judgment of the district court is vacated, and the case is remanded for further proceedings, including reconsideration of the plaintiffs' motion for leave to amend their complaint. No costs are taxed on appeal.