Vicki **STEINER**, Plaintiff,

v.

William J. **HENDERSON**, Postmaster General, U.S.P.S., Defendant.

No. 5:01CV1064.

United States District Court,
N.D. Ohio,
Eastern Division.

March 28, 2002.

Gary A. Corroto, Tzangas, Plakas, Mannos & Recupero, Canton, OH, David L. Dingwell, Elizabeth A. Raies, Tzangas, Plakas, Mannos & Recupero, Canton, OH, for plaintiff.

William J. Kopp, Office of United States Attorney, Cleveland, OH, for defendant.

### MEMORANDUM OF OPINION AND ORDER

POLSTER, District Judge.

Before the Court are Defendant's Motion to Dismiss (**ECF No. 12**) and Plaintiff's Motion to Amend Complaint (**ECF No. 17**). For the reasons stated below, Defendant's Motion to Dismiss (**ECF No. 12**) is **GRANTED** and Plaintiff's Motion to Amend (**ECF No. 17**) is **DENIED**.

### I. FACTS

Plaintiff Vicki Steiner filed a Complaint (ECF No. 1) in this Court on May 3, 2001, alleging that her employer, the United States Postal Service, violated Title VII and Ohio's anti-discrimination statute by assigning her a lesser job classification and less desirable days off on the basis of her gender. Plaintiff's Complaint also included a claim for intentional infliction of emotional distress.

On October 11, 2001, Defendant filed a Motion to Dismiss (ECF No. 12) in which it argues that Plaintiff's claims should be dismissed because she failed to timely exhaust her administrative remedies and because Title VII is the exclusive remedy for her discrimination complaint. Defendant argues that under federal regulations, Plaintiff was required to contact an Equal Employment Opportunity (EEO) counselor within 45 days of the alleged discrimination. Although the alleged discriminatory action occurred on October 7, 2000, Plaintiff did not meet with an EEO counselor until January 9, 2001.

On October 24, 2001, Plaintiff dismissed both of her state law claims. (ECF No. 15). On the same day, Plaintiff filed a Memorandum in Opposition (ECF No. 13) in which she admits that her EEO complaint was not timely, but argues that her claim should be permitted to go forward pursuant to the doctrine of equitable tolling. Plaintiff claims that equitable tolling is appropriate because while the 45–day period ran, she was attempting to resolve her claims of discrimination by seeking the assistance of Postal Service supervisors. Plaintiff contends that her training as a supervisor led her to believe that she should work with her own supervisors to resolve any grievances and maintains that she did not think that it was necessary to contact the EEO until she received a letter from a supervisor on December 4, 2000, which led her to believe that no action would be taken with regard to her grievances. (ECF No. 13, Ex. 9). Plaintiff did not meet with an EEO counselor until over

a month after she received the December 4, 2000 letter.

On October 30, 2001, Defendant filed a reply brief (ECF No. 15) arguing against the application of the equitable tolling doctrine. In the reply brief, Defendant points out that the December 4, 2000 letter does not state that management was unwilling to resolve Plaintiff's grievances. Rather, the letter stated that Plaintiff needed to meet with her supervisor and that Senior Plant Manager Neri would attend the meeting if Plaintiff wished him to do so. Defendant further notes that the "Manager's Guide to Understanding Sexual Harassment" which Plaintiff attaches to her brief as evidence of a Postal Service policy encouraging the resolution of grievances by supervisors specifically references the 45–day requirement for filing EEO complaints.

On February 12, 2002, Plaintiff filed a Motion to Amend Complaint (ECF No. 17) in which she seeks to add a retaliation claim to her Complaint. In the proposed amended complaint, Plaintiff contends that Defendant retaliated against her in June 2001 by denying her requested sick leave and by issuing a letter incorrectly stating that Plaintiff's position was vacant.

## II. LEGAL ANALYSIS

### A. Defendant's Motion to Dismiss

■ Before a federal employee may file a lawsuit under Title VII, she must first exhaust her administrative remedies. *Brown v. General Serv. Admin.*, 425 U.S. 820, 832, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976). Under 29 C.F.R. § 1614.105(a)(1), an aggrieved employee must contact an Equal Employment Opportunity ("EEO") counselor within 45 days of the alleged discriminatory act. This 45–day time is not jurisdictional, and therefore may be subject to the doctrines of equitable tolling, waiver, or estoppel.

While courts have recognized the possibility of equitable tolling in Title VII cases, such tolling is "available only in compelling cases which justify a departure from established procedures." *Puckett v. Tennessee Eastman Co.*, 889 F.2d 1481, 1488 (6th Cir.1989). Indeed, the Sixth Circuit has repeatedly indicated that the factual circumstances of a case are seldom compelling enough to warrant equitable tolling. *See, e.g., Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir.2001), *cert. denied*, —— U.S. ——, 122 S.Ct. 649, 151 L.Ed.2d 566 (2001); *Graham–Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir.2000).

■ In determining whether equitable tolling should apply, courts typically consider the following factors: (1) lack of actual notice of the filing requirement; (2) lack of constructive notice of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirements. *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir.1988). The Sixth Circuit has stated that while this list of factors is instructive, it is neither comprehensive nor relevant in all cases. *Amini*, 259 F.3d at 500. In the end, the determination of whether to toll a limitations period must be made on a case-by-case basis. *Id.* When equitable tolling has been permitted, it is usually because the defendant "engaged in misrepresentations or other wrongdoing" that caused the plaintiff to miss his filing deadline or somehow attempted to thwart the plaintiff's discovery of relevant evidence. *Id.* at 501.

■ In this case, Plaintiff does not claim that she was unaware of the 45–day requirement or that Defendant somehow deliberately caused her to miss the deadline. Rather, Plaintiff argues that equitable tolling should apply to her case because the

45–day period ran while she was diligently pursuing her grievances through supervisory channels. Plaintiff's purported diligence in attempting to resolve her grievances by working through supervisory channels does not excuse her from filing a timely claim with the EEO. As a supervisor who, according to her own correspondence, had retained an attorney by October 18, 2000, Plaintiff knew or should have known that she was still required to contact the EEO within the 45–day time period. Indeed, the "Manager's Guide to Understanding Sexual Harassment" attached to Plaintiff's Memorandum in Opposition makes it quite clear that an aggrieved employee must comply with the 45–day requirement regardless of any efforts to resolve grievances by working through supervisory channels.

Furthermore, the evidence reveals that Plaintiff's purported diligence in pursuing her grievances is somewhat disingenuous. Plaintiff claims that she did not feel the need to contact the EEO until it became apparent from her last communication with Mr. Neri (the December 4, 2000 letter) that her supervisors were not going to follow the Postal Service policy of promptly addressing employee discrimination complaints. An examination of the December 4, 2000 letter reveals, however, that Mr. Neri did not indicate an unwillingness to address Plaintiff's grievances. Rather, Mr. Neri encouraged her to meet with another supervisor and expressed his willingness to be present for the meeting. Even if the December 4, 2000 letter had communicated an unwillingness to address Plaintiff's grievances, it does not explain Plaintiff's decision to wait a full month after receiving the letter before contacting the EEO. Given these facts, the Court finds no basis for applying the doctrine of equitable tolling to Plaintiff's claim. For this reason, Defendant's Motion to Dismiss (ECF NO. 12) is **GRANTED.**

### B. Plaintiff's Motion to Amend

 Plaintiff seeks to amend her complaint by adding claims of retaliatory behavior that allegedly occurred one month after she filed her initial complaint in this Court. Although a plaintiff may tie a retaliation claim to a previously filed discrimination claim, the previously filed claim must be properly before the Court in order for the claim to relate back to the initial complaint. *See, e.g., Ang v. Procter & Gamble Co.,* 932 F.2d 540, 546 (6th Cir.1991) (finding that district court has ancillary jurisdiction over retaliation claims growing out of an administrative charge properly before the court). As discussed above, Plaintiff's initial Complaint was not properly before the Court because she failed to comply with the 45–day requirement for contacting the EEO and presented no sufficient basis for tolling the 45–day period. Because there is no valid complaint to amend, Plaintiff's Motion to Amend Complaint (ECF No. 17) must be **DENIED.**

### III. CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss (**ECF No. 12**) is **GRANTED** and Plaintiff's Motion to Amend (**ECF No. 17**) is **DENIED.**

**IT IS SO ORDERED.**

### *JUDGMENT ENTRY*

For the reasons stated in the Order filed contemporaneously with this Judgment Entry, and pursuant to Federal Rule of Civil Procedure 58, it is hereby **ORDERED, ADJUDGED AND DECREED** that the above-captioned case is hereby terminated and dismissed as final.

**IT IS SO ORDERED.**