**Robert MAYERS, Plaintiff–Appellant,**

v.

**Donal CAMPBELL, Commissioner, Tennessee Department of Corrections; General Counsel, Tennessee Department of Corrections; Director of Internal Affairs, Tennessee Department of Corrections; Commissioner for Employee Disciplinary Appeals, in their individual and official capacities, Defendants–Appellees.**

**No. 03–5723.**

United States Court of Appeals, Sixth Circuit.

Dec. 15, 2003.

Robert Mayers, Nashville, TN, for Plaintiff-Appellant.

Kae C. Todd, Nashville, TN, for Defendant-Appellee.

Before: COLE and CLAY, Circuit Judges; and QUIST, District Judge.*

## ORDER

Robert Mayers, a Tennessee citizen, appeals pro se the judgment for defendants in an action he filed alleging employment discrimination, civil rights violations, and state torts. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

---

* The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation.

Mayers was hired by the Tennessee Department of Corrections (TDOC) in 1975. On May 10, 2000, a white female co-worker alleged that Mayers had been sexually harassing her, including staring at her, making comments about her appearance, and touching her hair. Mayers was immediately given a lateral transfer to an annex of the prison where he had been working, approximately one and one-half miles away. He was also suspended for two days, on December 19, 2000. He grieved the suspension and was later paid for those days. On November 16, 2001, Mayers filed a charge with the E.E.O.C. citing these two acts by his employer, and alleging that they were based on race, sex, and disability discrimination. On January 2, 2002, Mayers filed two more charges with the E.E.O.C., alleging retaliation for his original charge in the form of a delay in repaying him for the two-day suspension and refusing to pay a penalty for the delay, as well as a delay in removing documentation about the suspension from his personnel file.

On April 10, 2002, Mayers filed a complaint in the district court, which he later amended. The complaint and amended complaint named as defendants the commissioner of the TDOC, the general counsel, the director of internal affairs, and the commissioner for employee disciplinary appeals, in their individual and official capacities. Mayers sought monetary relief and asserted claims under 42 U.S.C. §§ 1981, 1983, 1985, and 1988, Titles VI, VII and IX of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000d, 2000e and 2000h, et seq., and the Americans with Disabilities Act (ADA), 42 U.S.C. § 12131 et seq., all based on the original charge he filed with the E.E.O.C. On June 5, 2002, by which time he had apparently retired, Mayers filed a second complaint, naming the commissioner and his legal staff as defendants, and setting forth the same claims, as well as a state law claim of defamation, based on the later E.E.O.C. charges. The cases were consolidated, and the parties agreed to submit the case to a magistrate judge for disposition. The magistrate judge disposed of the complaints in a series of three memoranda and orders. In his brief on appeal, Mayers apparently reasserts the merits of his claims. He also argues that he was denied a copy of his deposition and a subpoena for a trial witness.

 Upon careful consideration, we conclude that all but one of the claims in the first complaint were properly dismissed as time-barred. A charge with the E.E.O.C. must be filed within 300 days of the alleged unlawful employment practice. *Mohasco Corp. v. Silver,* 447 U.S. 807, 810, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980). The first E.E.O.C. charge, which was the subject of the first complaint in the district court, complained about the May 10, 2000 transfer and the December 19, 2000 suspension, but was not filed until November 6, 2001. Mayers argues that there was a continuing violation which rendered his charge timely. However, the continuing violation doctrine does not allow recovery for discrete acts of discrimination outside the filing period. *National R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 113, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002). Mayers also argued that the limitations period does not commence until an employer's decision is final, citing *E.E.O.C. v. United Parcel Serv., Inc.,* 249 F.3d 557, 561–62 (6th Cir.2001). Because Mayers grieved the suspension, he argues that the filing period for that action was extended. However, his grievance resulted in the reversal of the suspension, and he therefore would have no adverse employment action on which to file a charge when the grievance process was final. The district court also properly concluded that equitable tolling was not appropriate. Mayers did not argue that he was unaware of the filing requirement, that he had been diligent, or

that there was no prejudice to defendants. *Andrews v. Orr,* 851 F.2d 146, 151 (6th Cir.1988). The remaining civil rights claims asserted in the first complaint filed in the district court were also time-barred, because the one-year statute of limitations for personal injury applies to civil rights actions filed in Tennessee. *Jackson v. Richards Med. Co.,* 961 F.2d 575, 578 (6th Cir.1992).

■ The exception to this is the claim under § 1981, which this court has recently held has a four-year statute of limitations. *Anthony v. BTR Auto. Sealing Sys.,* 339 F.3d 506, 514 (6th Cir.2003). However, we conclude that this cause of action was properly dismissed for failure to state a claim because the lateral transfer and subsequently rescinded two-day suspension did not constitute adverse actions, and Mayers articulated no basis for attributing these actions to race discrimination.

■ We also conclude that defendants were properly granted summary judgment on all of the claims raised in the second complaint, which were lacking in merit. State employees' claims under the ADA are barred by the Eleventh Amendment. *Board of Trustees of Univ. of Alabama v. Garrett,* 531 U.S. 356, 374, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001). Moreover, Mayers never explained what his disability was or how it could be linked to the alleged retaliatory acts. Title VI, 42 U.S.C. § 2000d–3 provides a remedy for employment discrimination where federal aid has the primary objective of providing employment, or the discrimination is against the primary beneficiaries of federal aid. Mayers failed to explain how his claim would fit within this statute. In order to state a prima facie case of retaliation under Title VII, Mayers was required to show that he engaged in a protected activity, the defendants knew of his activity, he was the victim of an adverse employment action, and there was a causal connection between his activity and the adverse action. *Morris v. Oldham County Fiscal Court,* 201 F.3d 784, 792 (6th Cir.2000). Mayers could not state a prima facie case because de minimis employment actions are not materially adverse. *Bowman v. Shawnee State Univ.,* 220 F.3d 456, 462 (6th Cir. 2000). Mayers complained that his two days of back pay was not paid within thirty days of the reversal of his suspension, but only after fifty-six days, and that he was therefore due a penalty which defendants refused to pay. He also complained of retaliation in the form of a delay in removing documentation about the suspension from his personnel file. Neither of these acts was a materially adverse employment action. The claim under Title IX lacked merit, as defendants are not an educational institution. *Lipsett v. Univ. of Puerto Rico,* 864 F.2d 881, 901 (1st Cir.1988).

■ The claim under 42 U.S.C. § 1981 for retaliatory contract impairment failed because Mayers did not show that he was subject to an adverse employment action for exercising a contract right. *Mitchell v. Toledo Hosp.,* 964 F.2d 577, 581–82 (6th Cir.1992). No adverse employment action was established for the same reasons as discussed above under the Title VII analysis. Mayers had no claim against his employer under § 1983 because the right to be vindicated, protection from retaliation, is one created by Title VII. *Day v. Wayne County Bd. of Auditors,* 749 F.2d 1199, 1204–05 (6th Cir.1984). The named defendants could not be charged with a conspiracy under § 1985 because they are all agents or employees of the same entity, the TDOC. *Doherty v. American Motors Corp.,* 728 F.2d 334, 339 (6th Cir.1984). Although Mayers cited § 1988 as a basis for his complaint, that section only provides for the award of attorney fees to successful litigants. Finally, the district court properly declined to exercise jurisdiction over the state law claims when

all the federal claims were eliminated before trial. *Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 350, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988).

The specific arguments raised in the brief on appeal are also meritless. Mayers complains that defendants did not provide him with a complete copy of his deposition. It is not clear how this prejudiced Mayers, as he could have presented any information from his own testimony in the form of an affidavit. He also complains that the district court did not issue a subpoena he requested for a trial witness. Because the case was dismissed prior to trial, this could not have prejudiced Mayers. It is also not clear how testimony from this witness could have altered the outcome of the case.

For all of the above reasons, the final judgment for defendants is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.