**Marie L. BLACK and David Black, Plaintiffs,**

v.

**COLUMBUS PUBLIC SCHOOLS, Defendant.**

No. C2–96–326.

United States District Court,
S.D. Ohio,
Eastern Division.

May 8, 2002.

Bennie Eugene Espy, Ben Espy Co., L.P.A., Columbus, OH, James Craig Lee, Columbus, OH, Christopher King, Columbus, OH, for plaintiffs.

Marie L. Black, Columbus, OH, pro se.

John Curtis Albert, Crabbe Brown & James, Columbus, OH, Gregory Bradford Scott, Scott Scriven & Wahoff, Columbus, OH,

### MEMORANDUM AND ORDER

HOLSCHÜH, District Judge.

Plaintiff Marie L. Black brought suit against Defendant Columbus Public Schools ("CPS"), asserting eleven claims arising from her employment with CPS. Plaintiff alleges that she was subjected to a hostile work environment because of her supervisor's conduct, and that as a result of her complaints about his conduct, she suffered retaliation. Plaintiff further alleges that she was subjected to disparate treatment based on sex, race, and age. Additionally, Plaintiff asserts that Defendant violated rights guaranteed to her by the First, Fifth, and Fourteenth Amendments to the United States Constitution, as well as rights protected under Ohio law. She brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.;* the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 *et seq.;* 42 U.S.C. § 1983; the Ohio Civil Rights Act; Ohio Revised Code Chapter 4112; Ohio Revised Code § 4113.52; and Ohio tort law. Plaintiff's husband, David Black, also brought suit asserting two claims under Ohio tort law. The Court has already granted summary judgment in favor of Defendant on all but one of Plaintiffs' claims. (Record 37). Plaintiffs' only remaining claim is Mrs. Black's Title VII retaliation claim regarding her transfer to Yorktown Middle School. This matter is currently before the Court on Defendant's supplemental motion for summary judgment. (Record 48).

### I. Background

The extensive factual background of this case is included in this Court's prior Memorandum and Order (Record 37), so the Court will not repeat the bulk of the factual background here. The Court will briefly set out the facts relevant to the instant supplemental motion for summary judgment. In the spring of 1992, Plaintiff received notice that she was being transferred from her position as Assistant Principal at Mifflin Alternative School to Assistant Principal at Yorktown Middle School, effective for the 1992–93 school year. (Black Dep. at 57; Blake Dep. at 55–58). Plaintiff's transfer to Yorktown

Middle School actually occurred in August or September of 1992.

Plaintiff filed a charge of discrimination against CPS with the Ohio Civil Rights Commission ("OCRC") and the Equal Employment Opportunity Commission ("EEOC") on July 12, 1994, alleging a violation of Title VII based on sex. (Ex. A to Def.'s Supp.Mot. for Summ.J.). Plaintiff filed a complaint (Record 1) in the United States District Court on March 27, 1996. The EEOC issued Plaintiff a right to sue letter on July 23, 1996, and Plaintiff filed an amended complaint (Record 8) on October 18, 1996. On May 25, 2001, Defendant filed a supplemental motion for summary judgment, arguing that Plaintiff's claim of retaliatory transfer should be dismissed because Plaintiff's claim is barred by a failure to file the claim with the EEOC within the required time period. (Record 48).

## II. Supplemental Motion for Summary Judgment

### A. Summary Judgment Standard

Federal Rule of Civil Procedure 56(c) provides:

> [Summary judgment] ... shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

"[T]his standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (emphasis in original);

*Kendall v. Hoover Co.,* 751 F.2d 171, 174 (6th Cir.1984).

Summary judgment will not lie if the dispute about a material fact is genuine; "that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505. The purpose of the procedure is not to resolve factual issues, but to determine if there are genuine issues of fact to be tried. *Lashlee v. Sumner,* 570 F.2d 107, 111 (6th Cir.1978). Therefore, summary judgment will be granted "only where the moving party is entitled to judgment as a matter of law, where it is quite clear what the truth is ... [and where] no genuine issue remains for trial, ... [for] the purpose of the rule is not to cut litigants off from their right of trial by jury if they really have issues to try." *Poller v. Columbia Broadcasting Sys.,* 368 U.S. 464, 467, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962) (quoting *Sartor v. Arkansas Natural Gas Corp.,* 321 U.S. 620, 627, 64 S.Ct. 724, 88 L.Ed. 967 (1944)); *accord County of Oakland v. City of Berkley,* 742 F.2d 289, 297 (6th Cir.1984).

In making this inquiry, the standard to be applied by the Court mirrors the standard for what was formerly referred to as a directed verdict. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson,* 477 U.S. at 250, 106 S.Ct. 2505.

> The primary difference between the two motions is procedural; "summary judgment motions are usually made before trial and decided on documentary evidence, while directed verdict motions are made at trial and decided on the evidence that has been admitted." *Bill Johnson's Restaurants, Inc. v. NLRB,* 461 U.S. 731, 745, n. 11, 103 S.Ct. 2161, 76 L.Ed.2d 277 (1983). In essence, though, the inquiry under each is the same: whether the evidence presents a

sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.

*Anderson*, 477 U.S. at 251–52, 106 S.Ct. 2505. Accordingly, although summary judgment should be cautiously invoked, it is an integral part of the Federal Rules, which are designed "to secure the just, speedy and inexpensive determination of every action." *Celotex*, 477 U.S. at 327, 106 S.Ct. 2548 (quoting Fed.R.Civ.P. 1).

■ In a motion for summary judgment the moving party bears the "burden of showing the absence of a genuine issue as to any material fact, and for these purposes, the [evidence submitted] must be viewed in the light most favorable to the opposing party." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970) (footnote omitted); *accord Adams v. Union Carbide Corp.*, 737 F.2d 1453, 1455–56 (6th Cir.), *cert. denied*, 469 U.S. 1062, 105 S.Ct. 545, 83 L.Ed.2d 432 (1984). Inferences to be drawn from the underlying facts contained in such materials must also be considered in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962); *Watkins v. Northwestern Ohio Tractor Pullers Ass'n*, 630 F.2d 1155, 1158 (6th Cir.1980). Additionally, "unexplained gaps" in materials submitted by the moving party, if pertinent to material issues of fact, justify denial of a motion for summary judgment. *Adickes*, 398 U.S. at 157–60, 90 S.Ct. 1598.

■ If the moving party meets its burden and adequate time for discovery has been provided, summary judgment is appropriate if the opposing party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322, 106 S.Ct. 2548. The existence of a mere scintilla of evidence in support of the opposing party's position is insufficient; there must be evidence on which the jury could reasonably find for the opposing party. *Anderson*, 477 U.S. at 252, 106 S.Ct. 2505.

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed.R.Civ.P. 56(e).

## B. Discussion

Defendant argues that summary judgment should be granted in its favor because Plaintiff failed to file a timely charge of discrimination with the EEOC as required by 42 U.S.C. § 2000e–5(e)(1). In response, Plaintiff asserts that the time limitation for filing an EEOC charge should be equitably tolled given the circumstances of her case. Defendant filed a reply memorandum, arguing that equitable tolling should not be applied in this case.

Title VII prescribes a limitation period for filing a charge of discrimination with the EEOC prior to filing suit in federal court, which states that:

> A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred and notice of the charge ... shall be served upon the person against whom such charge is made within ten days thereafter, except that *in a case of an unlawful employment practice with respect to which the*

*person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice ..., such charge shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred,* or within thirty days after receiving notice that the State or local agency has terminated the proceedings under the State or local law, whichever is earlier, and a copy of such charge shall be filed by the Commission with the State or local agency.

42 U.S.C. § 2000e–5(e)(1) (emphasis added). If the alleged unlawful employment practice occurs in a "deferral state," such as Ohio, which has enacted its own laws prohibiting discrimination in employment, the plaintiff must file a charge of discrimination within three hundred (300) days of the alleged unlawful employment practice. *See id.; Alexander v. Local 496, Laborers' Int'l Union,* 177 F.3d 394, 407 (6th Cir. 1999). In this case, Plaintiff filed a charge of discrimination with both the OCRC and the EEOC on July 12, 1994.

 A cause of action under Title VII accrues, and the time limitation for filing a charge of discrimination with the EEOC commences, at "the time of the *discriminatory act,* not the point at which the *consequences* of the act become painful." *Chardon v. Fernandez,* 454 U.S. 6, 8, 102 S.Ct. 28, 70 L.Ed.2d 6 (1981) (emphasis in original) (citing *Delaware State College v. Ricks,* 449 U.S. 250, 258, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980)). The Sixth Circuit recently explained that the limitations period begins to run when "an employer makes and communicates a final decision to the employee.... Once the employee is aware or reasonably should be aware of the employer's decision, the limitations period commences." *EEOC v. United Parcel Service, Inc.,* 249 F.3d 557, 561–62 (6th

Cir.2001). The alleged unlawful employment practice occurred and the limitations period for filing an EEOC charge therefore began to run on the date that Plaintiff received notice of her transfer to Yorktown Middle School rather than on the date that the transfer actually took effect. *See e.g., Janikowski v. Bendix Corp.,* 823 F.2d 945, 947 (6th Cir.1987). In this case, Plaintiff received notice of her transfer from Mifflin Alternative School to Yorktown Middle School in the spring of 1992. (Black Dep. at 57).

Although the record before the Court does not indicate the exact date in the spring of 1992 that Plaintiff received notice of her transfer to Yorktown Middle School, it is clear that Plaintiff did not file an EEOC charge within the required limitation period pursuant to 42 U.S.C. § 2000e–5(e)(1). As noted earlier, Plaintiff filed a charge of discrimination with the OCRC and the EEOC on July 12, 1994, which is well over three hundred (300) days after the alleged unlawful employment practice occurred in the spring of 1992.

 Plaintiff argues that although she did not comply with the prescribed limitation period for filing an EEOC charge, the limitation period should be equitably tolled in this case. The United States Supreme Court has held that "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 393, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982). In determining whether the limitation period mandated by 42 U.S.C. § 2000e–5(e)(1) should be equitably tolled, courts must weigh the broad remedial purpose of Title VII against the specific purpose of the filing requirement. *See id.* at 398, 102 S.Ct. 1127. The Supreme Court has ex-

plained that "[t]he limitations periods, while guaranteeing the protection of the civil rights laws to those who promptly assert their rights, also protect employers from the burden of defending claims arising from employment decisions that are long past." *Delaware State College v. Ricks,* 449 U.S. 250, 256–57, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980). The decision to equitably toll the limitation period for filing a charge of discrimination is within the discretion of the district court and should be made on a case-by-base basis. *See Truitt v. County of Wayne,* 148 F.3d 644, 648 (6th Cir.1998).

 Once a defendant raises noncompliance with the statutory filing requirement as a defense, the plaintiff then bears the burden of proving that equitable tolling is appropriate. *See Vana v. Mallinckrodt Medical, Inc.,* No. 94–3424, 1995 WL 675597, *2, 1995 U.S.App. LEXIS 35488, at *6 (6th Cir. Nov. 8, 1995); *Hardy v. Potter,* 191 F.Supp.2d 873, 879 (E.D.Mich.2002). Care must be taken so that "[p]rocedural requirements established by Congress for gaining access to the federal courts are not ... disregarded by courts out of a vague sympathy for particular litigants." *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 152, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984). The Supreme Court has also noted that "[f]ederal courts have typically extended equitable relief only sparingly." *Irwin v. Dept. of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990). *See also Amini v. Oberlin College,* 259 F.3d 493, 500 (6th Cir.2001) ("equitable tolling relief should be granted only sparingly"); *Graham–Humphreys v. Memphis Brooks Museum of Art, Inc.,* 209 F.3d 552, 560 (6th Cir.2000) ("[a]bsent compelling equitable considerations, a court should not extend limitations by even a single day"). Although the doctrine of equitable tolling

should be applied carefully, the Court must also be mindful of the broad remedial purposes of Title VII. *See Andrews v. Orr,* 851 F.2d 146, 151 (6th Cir.1988).

The Supreme Court has discussed examples of situations in which it may be appropriate to toll a limitations period:

> This is not a case in which a claimant has received inadequate notice ... or where a motion for appointment of counsel is pending and equity would justify tolling the statutory period until the motion is acted upon ... or where the court has led the plaintiff to believe that she had done everything required of her. Nor is this a case where *affirmative misconduct on the part of a defendant lulled the plaintiff into inaction.* The simple fact is that Brown was told three times what she must do to preserve her claim, and she did not do it. One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence.

*Baldwin County,* 466 U.S. at 151, 104 S.Ct. 1723 (citations omitted) (emphasis added). Plaintiff argues that the limitation period should be equitably tolled in this case due to Defendant's affirmative misconduct. (Pl.'s Mem. Opp'n Mot.Summ.J. at 3). The Sixth Circuit has recognized that the most common situation in which the equitable tolling doctrine is invoked is when an employee misses a filing deadline because of some affirmative representation or action by the employer. *See Andrews v. Orr,* 851 F.2d 146, 151 (6th Cir.1988).

 In this case, Plaintiff argues that equitable tolling should be applied because "Defendant's actions directly delayed Plaintiff's ability to exercise her legal rights within the requisite time period." (Pl.'s Mem. Opp'n Mot. for Summ.J. at 3). Plaintiff alleges that Defendant knowingly misled her into " 'sitting' on her rights." (*Id.*). Although Plaintiff makes these

**982**

broad and conclusory allegations of misconduct, there is no evidence in the record that Plaintiff missed the deadline for filing a charge of discrimination due to some specific misconduct by her employer. Under these circumstances, the Court concludes that Plaintiff fails to demonstrate that she missed the EEOC filing deadline because of some affirmative representation or action by Defendant. Equitable tolling is therefore not warranted based upon the alleged misconduct on the part of the defendant.[1] The Court will next consider whether other circumstances in this case warrant equitable tolling.

The Sixth Circuit has identified five factors for courts to consider when determining whether equitable tolling is appropriate: (1) lack of notice of the filing requirement, (2) lack of constructive knowledge of the filing requirement, (3) diligence in pursuing one's rights, (4) absence of prejudice to the defendant, and (5) the plaintiff's reasonableness is remaining ignorant of the particular legal requirement. *See Truitt v. County of Wayne*, 148 F.3d 644, 648 (6th Cir.1998) (citing *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir.1988)). In determining whether to apply equitable tolling, courts weigh the factors on a flexible, case-by-case basis. *See id.; Amini*, 259 F.3d at 500.

The Court must first consider whether Plaintiff had actual or constructive notice of the filing requirement. Constructive knowledge is attributed to an individual who has retained an attorney. *See Jackson v. Richards Medical Co.*, 961

F.2d 575, 579 (6th Cir.1992). In this case, Plaintiff was not represented by counsel at the time that she filed her complaint with the EEOC. (Ex. 1 to Pl.'s Mem. Opp'n Mot. for Summ.J., Black Aff. ¶ 7). Plaintiff is therefore not attributed with constructive knowledge, so the Court must consider whether she had actual knowledge of the filing requirement.

Although Plaintiff argues that she was not aware of the time limitation for filing an EEOC charge,[2] Plaintiff does not allege that she was unaware of her rights under Title VII in general. (Pl.'s Mem. Opp'n Mot. for Summ.J. at 2). The Sixth Circuit considered the issue of equitable tolling under the ADEA and stated that "actual knowledge occurs where an employee either learns or is told of his [statutory] rights, even if he becomes only generally aware of the fact that there is a statute outlawing ... discrimination." *Jackson*, 961 F.2d at 579. In this case, a letter sent to Plaintiff from Gregory Waddell, a Community of Schools Leader, indicates that Plaintiff wrote to the Superintendent, Larry Mixon, requesting a remedy for her civil rights violations. (Ex. 2 to Pl.'s Mem. Opp'n Mot. for Summ.J., Waddell Letter ¶ 2). The Court therefore finds that Plaintiff was aware of the fact that a statute existed to protect her civil rights, although she may not have been aware of the specific time limitation for filing a charge with the EEOC.

The third factor that the Court must consider is Plaintiff's diligence in pursuing

1. In *Amini v. Oberlin College*, 259 F.3d 493 (6th Cir.2001), the Sixth Circuit concluded that equitable tolling of the EEOC filing deadline was not warranted. The court noted that "unlike most cases in which equitable tolling relief is granted, in this case, [the plaintiff] has not alleged that [the defendant] engaged in any misrepresentations or other wrongdoing that caused him to miss his filing deadline." *Id.* at 501.

2. The Court notes that although Plaintiff alleges in her response that she did not have actual knowledge of the filing requirement, Plaintiff does not testify in her affidavit that she was not aware of the limitation period for filing an EEOC charge.

her rights. Plaintiff testifies to the efforts she made in pursuing her rights. She testifies that she attempted to address her retaliatory transfer through informal means by contacting Maurice Blake, the Community of Schools Leader. (Black Aff. ¶ 3). Plaintiff then contacted Larry Mixon, the Superintendent, who directed her to Gregory Waddell, the Community of Schools Leader III. (*Id.* ¶ 4). Plaintiff met with Mr. Waddell on March 17, 1994.[3] Waddell sent Plaintiff a letter dated March 22, 1994, stating that CPS does not agree that Plaintiff suffered a civil rights violation and notifying Plaintiff of her right to pursue her concerns through Wade Franklin, the Director of Contract Compliance, or the OCRC.[4] (Black Aff. ¶ 5; Waddell Letter ¶ 2).

Plaintiff was notified of her transfer to Yorktown Middle School in the spring of 1992. At that time, she was aware of the circumstances surrounding her transfer and she believed that she was transferred in retaliation for her complaints regarding the Principal, Steven Tankovich. (Black Aff. ¶ 2). Plaintiff sent a letter dated June 16, 1992 to Joyce Blitz, the Deputy Superintendent, in which Plaintiff stated that she would not have been transferred from Mifflin Alternative Middle School except for the "extenuating circumstances" regarding Tankovich. (Ex. 4 to Pl.'s Mem.

Opp'n Mot. for Summ.J., Black Letter ¶ 4). This is not a case in which the plaintiff's pursuit of his or her rights was delayed while the plaintiff ascertained the information needed to support a discrimination claim. *See e.g., Amini v. Oberlin College,* 259 F.3d 493, 501 (6th Cir.2001). In this case, Plaintiff was aware of the facts and circumstances giving rise to her retaliation claim in the spring of 1992, although she did not file a charge of discrimination with the EEOC or OCRC until July 12, 1994.[5] Despite the fact that Plaintiff was aware of a potential retaliation claim in the spring of 1992, she did not seek legal advice nor contact the EEOC or OCRC until over two years later. Although Plaintiff contacted several supervisors within CPS regarding her transfer, Plaintiff fails to demonstrate that she acted with the requisite diligence in filing her EEOC charge. This factor therefore weighs against the application of equitable tolling in this case.

The fourth factor that the Court must consider is the absence of prejudice to the defendant. In this regard, Plaintiff argues that Defendant had adequate notice of Plaintiff's potential employment discrimination claims because Plaintiff advised Mr. Blake, a Community of Schools Leader, of her concerns regarding sex discrimination and retaliation. (Pl.'s Mem. Opp'n Mot.

---

3. Plaintiff has not set forth the dates that she contacted Blake or Mixon, but presumably it was relatively near the date that Plaintiff met with Waddell on March 17, 1994.

4. The Court notes that Defendant notified Plaintiff by letter dated March 22, 1994 that she had a right to pursue her concerns through the OCRC. Although March 22, 1994 was well beyond the three hundred day limitation period for filing an EEOC charge with respect to her retaliatory transfer claim, Plaintiff had a number of other discrimination claims against CPS, which the Court dismissed on summary judgment in its December 22, 2000 Order. (Record 37). Under

these circumstances, it is not clear that Defendant was referring specifically to Plaintiff's retaliatory transfer claim when Defendant advised Plaintiff of her right to pursue her concerns through the OCRC. The plaintiff, in any event, does not allege that Defendant's letter caused Plaintiff to miss a required filing period. Indeed, that period had already expired with reference to the retaliatory transfer claim.

5. Plaintiff first contacted the EEOC by letter dated July 8, 1994 regarding her complaint of discrimination. (Ex. 3 to Pl.'s Mem. Opp'n Mot. for Summ.J., Black Letter to EEOC).

for Summ.J. at 4). Plaintiff also points out that Defendant advised Plaintiff of her right to file a claim with the OCRC, so Defendant cannot argue that it did not have adequate notice.[6] (*See id.*). Defendant has not alleged prejudice in this case. Although it unclear how the application of equitable tolling in this case would prejudice CPS, the Supreme Court has stated that this factor alone is not a sufficient basis for invoking the doctrine of equitable tolling. *See Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 152, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984). Although this factor is not dispositive of the issue, the Court will consider the absence of prejudice to the defendant in determining whether the limitation period should be equitably tolled.

The last factor for the Court to consider is Plaintiff's reasonableness in remaining ignorant of the particular legal requirement. The Sixth Circuit has adopted the view of the Eleventh Circuit that "[w]hen an employee is generally aware of his rights, ignorance of specific legal rights or failure to seek legal advice should not toll the [limitation] period." *Jackson v. Richards Medical Co.,* 961 F.2d 575, 580 (6th Cir.1992) (quoting *McClinton v. Alabama By–Products Corp.,* 743 F.2d 1483, 1486 (11th Cir.1984)). As previously stated, although the plaintiff in this case was aware of her potential retaliation claim in the spring of 1992, she did not obtain counsel nor did she contact the EEOC or OCRC until over two years later. Under these circumstances where Plaintiff was generally aware of her rights, it was not reasonable to remain ignorant of the limitation period for filing an EEOC charge for over two years. This factor therefore weighs against the application of equitable tolling in this case.

After consideration of the five factors relevant to equitable tolling, the Court concludes that none of the factors weighs heavily in favor of granting equitable tolling relief in this case. In addition, Plaintiff's lack of diligence in pursuing her rights and her unreasonableness in remaining ignorant of the limitation period for filing an EEOC charge weigh heavily against the application of equitable tolling. In the Court's view, Plaintiff has not met her burden of demonstrating "compelling equitable considerations" that warrant equitable tolling. *Graham–Humphreys v. Memphis Brooks Museum of Art, Inc.,* 209 F.3d 552, 560 (6th Cir.2000). The Court therefore declines to equitably toll the limitation period for filing a charge of discrimination with the EEOC pursuant to 42 U.S.C. § 2000e–5(e)(1).

### III. Conclusion

For the reasons discussed above, the Court hereby **GRANTS** Defendant's supplemental motion for summary judgment. (Record 48). The Court therefore **DISMISSES** Plaintiff's remaining claim of retaliatory transfer and enters **JUDGMENT** in favor of Defendant.

**IT IS SO ORDERED.**

---

**6.** The Court notes that the letter in which CPS advised Plaintiff of her right to pursue her concerns through the OCRC is dated March 22, 1994, which is well beyond the three hundred day limitation period. (Ex. 2 to Pl.'s Mem. Opp'n Mot. for Summ.J., Waddell Letter ¶ 2). See note 3, *supra.*