**Aziz ORMANCI, Petitioner,**

v.

**John ASHCROFT, Attorney General; Immigration and Naturalization Service, Respondents.**

No. 03–3266, A46 321 627.

United States Court of Appeals, Sixth Circuit.

Aug. 10, 2004.

Steven A. Mundie, Sandra P. Nichols, New York, NY, for Petitioner.

Richard M. Evans, Susan K. Houser, Allen W. Hausman, Michele Y.F. Sarko, Washington, DC, for Respondent.

Before CLAY and GILMAN, Circuit Judges; and O'MALLEY, District Judge.*

## ORDER

Aziz Ormanci, a native and citizen of Turkey, petitions this court for review of an order of the Board of Immigration Appeals ("BIA") denying his motion to re-open his removal proceedings. The parties have waived oral argument, and the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

In 2000, the Immigration and Naturalization Service ("INS") issued a notice to appear to Ormanci, charging him with removability under the Immigration and Nationality Act ("INA") § 237(a)(1)(A), codified at 8 U.S.C. § 1227(a)(1)(A), as an alien who sought to procure an immigration benefit by fraud or willful misrepresentation of a material fact. The immigration court notified Ormanci that a master calendar hearing was scheduled for February 7, 2001. Ormanci, through counsel Ivan Yacub, moved to change venue. An immi-

* The Honorable Kathleen M. O'Malley, United States District Judge for the Northern District of Ohio, sitting by designation.

gration judge ("IJ") ordered Ormanci removed *in absentia* when he failed to appear at his February 7, 2001, hearing.

Ormanci moved the IJ to reopen his removal proceedings to rule on his motion for change of venue; the IJ denied the motion to reopen. Ormanci then appealed the denial of his motion to reopen and his removal order to the BIA. The BIA dismissed Ormanci's appeal for failure to file a brief on January 22, 2002.

Ormanci, through counsel Sandra Nichols, moved the BIA to reopen his removal proceedings on November 8, 2002, alleging that he received ineffective assistance of counsel from Yacub. Ormanci also argued that the numerical and time limits for filing motions to reopen should be equitably tolled because he received ineffective assistance of counsel. The BIA denied Ormanci's motion to reopen.

█ On appeal, Ormanci concedes that his motion to reopen was untimely, but argues that the 180–day period for filing motions to reopen may be equitably tolled, and equitable tolling was appropriate in his case. Specifically, Ormanci argues that the BIA did not apply the five-factor test set forth in *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir.1988), in finding that equitable tolling was inappropriate. Under the *Andrews* test, Ormanci concedes that the prongs addressing notice do not apply to him, but argues that he exercised due diligence and the INS would not be prejudiced if his removal proceedings were reopened.

The permanent rules of the Illegal Immigration Reform and Responsibility Act of 1996, Pub.L. No. 104–208, 110 Stat. 3009–546 (1996), govern Ormanci's petition for review. *See Brooks v. Ashcroft*, 283 F.3d 1268, 1271 n. 4 (11th Cir.2002); *cf. Pak v. Reno*, 196 F.3d 666, 670 (6th Cir. 1999). We review the denial of a motion to reopen removal proceedings for an abuse of discretion. *Scorteanu v. INS*, 339 F.3d 407, 411 (6th Cir.2003). Upon review, we conclude that the BIA did not abuse its discretion in denying Ormanci's motion to reopen.

An *in absentia* removal order may be rescinded only "upon a motion to reopen filed within 180 days after the date of the order of removal if the alien demonstrates that the failure to appear was because of exceptional circumstances (as defined in subsection (e)(1) of this section)." INA § 240(b)(5)(C)(i), 8 U.S.C. § 1229a(b)(5)(C)(i). Ormanci concedes that his motion to reopen was filed outside the 180–day period.

We have never decided whether the 180–day period under § 1229a is subject to equitable tolling, and the circuits that have addressed the question are split on this issue. *See Scorteanu*, 339 F.3d at 413–14 (collecting cases). We need not decide this issue in this instance, however, because even assuming that equitable tolling is an available remedy, Ormanci has not shown he is entitled to relief.

In *Scorteanu*, we declined to decide whether the time period for filing a motion to reopen was subject to equitable tolling because "even after having received actual notice and having retained different counsel, Scorteanu exceeded the statutory time limit by waiting until February 12, 2001 to file his motion to reopen." 339 F.3d at 414. We further noted that any lapse of time attributable to current counsel's efforts to obtain information from prior counsel and Scorteanu did not demonstrate due diligence because counsel misapplied the procedural requirements for filing an ineffective assistance of counsel claim before the BIA. *Id.*

In the instant case, Ormanci stated in his April 10, 2002, affidavit supporting his motion to reopen that: (1) he received a

letter dated February 28, 2001, directing him to report to the INS for deportation, and (2) he retained new counsel in "early" 2002 to contest his deportation. Ormanci's motion to reopen was filed on November 8, 2002. Even assuming that Ormanci retained his present counsel on the date of his affidavit, his motion to reopen was filed beyond the 180–day period. Contrary to Ormanci's assertion, he was not penalized for the time that elapsed during Yacub's inaction.

Additionally, although Ormanci claims that Nichols needed the elapsed time to obtain the complete record of his immigration proceedings and file a formal complaint against Yacub, a motion asserting ineffective assistance of counsel before the BIA need only be supported by: (1) an affidavit setting forth the agreement with former counsel and any representations made by counsel to the alien, (2) proof that prior counsel was informed of the allegations in writing and any response received, and (3) a statement detailing whether a disciplinary complaint was filed regarding former counsel's representation, and if not, why not. *Scorteanu*, 339 F.3d at 414. Ormanci's April 10, 2002, affidavit detailed his agreement with Yacub. Yacub addressed Ormanci's allegations in a letter dated June 14, 2002. Nichols does not explain in the motion to reopen why the disciplinary complaint was not filed until October 26, 2002, and in any event, only needed to state in the motion to reopen if a complaint had been filed against Yacub, and if not, why not.

■ Finally, Ormanci claims that the BIA abused its discretion in failing to consider whether he was prejudiced. In *Dunlap v. United States*, however, we held that, in applying the *Andrews* test, the prejudice prong need only be considered if other factors of the test are met. 250 F.3d 1001, 1009 (6th Cir.2001). Because Or-

manci failed to establish due diligence in filing his motion to reopen, the BIA properly declined to consider whether he was prejudiced.

The BIA did not abuse its discretion in denying Ormanci's motion to reopen, given that: (1) the motion to reopen was untimely filed, and (2) Ormanci did not demonstrate that equitable tolling was appropriate because he did not exercise due diligence in filing his motion to reopen. Accordingly, Ormanci's petition for review is denied.