**Eric Bernard HOWARD,**
**Plaintiff–Appellant,**

v.

**Kevin REA, Medical Director; (f/n/u)**
**Cpl. Gary, Correctional Officer,**
**Defendants–Appellees.**

No. 03–6473.

United States Court of Appeals,
Sixth Circuit.

Sept. 17, 2004.

Before SUTTON and COOK, Circuit Judges; and ALDRICH, District Judge.*

## ORDER

Eric Bernard Howard, proceeding pro se, appeals a district court order dismissing his civil rights complaint under 42 U.S.C. § 1983 as frivolous, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon review, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Howard filed a civil rights complaint seeking monetary damages for violations of his civil rights under the First, Fourth, Eighth, and Fourteenth Amendments, against Kevin Rea, the Medical Director of the Riverbend Maximum Security Institution; Corporal Gary, a Correctional Officer at the Turney Center Industrial Prison ("TCIP"); and the TCIP. The district court dismissed his complaint as frivolous, finding that Howard did not file his complaint within the applicable one-year statute of limitations and he was not entitled to equitable tolling. Howard filed a timely tolling motion under Fed.R.Civ.P. 59(e); the district court denied the motion. This timely appeal followed.

On appeal, Howard argues that the district court erroneously found that his civil complaint was untimely filed because his cause of action did not accrue until he was informed in his Tennessee Claims Commission suits that his rights were violated. Alternatively, Howard argues that the statute of limitations should be equitably tolled, given that he believed he had to exhaust his state remedies and he did not know his cause of action was cognizable in federal court until his state remedies were exhausted.

We review de novo a district court's order dismissing a prisoner's suit under 28 U.S.C. §§ 1915A(b) or 1915(e)(2). *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997). A complaint may be dismissed as frivolous when the plaintiff does not present any claim with an arguable or rational basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Claims barred by the statute of limitations are frivolous. *Dellis v. Corr. Corp. of Am.,* 257 F.3d 508, 511 (6th Cir.2001).

* The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation.

State statutes of limitations and tolling principles apply to determine the timeliness of claims asserted under 42 U.S.C. § 1983. *Wilson v. Garcia,* 471 U.S. 261, 268–69, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). For § 1983 actions arising in Tennessee, the statute of limitations is one year. *See* Tenn.Code Ann. § 28–3–104(a)(3); *Berndt v. Tennessee,* 796 F.2d 879, 883 (6th Cir.1986). Accrual of the claim for relief, however, is a question of federal law. *Collyer v. Darling,* 98 F.3d 211, 220 (6th Cir.1996). "Under federal law as developed in this Circuit, the statute of limitations period begins to run when the plaintiff knows or has reason to know that the act providing the basis of his or her injury has occurred." *Id.* at 220.

With respect to the alleged violations of the First, Fourth, and Fourteenth Amendments, Howard was aware that his rights may have been violated on February 1, 2002, when his legal mail was taken from him; and on February 8, 2002, when he discovered his legal mail had been opened. With respect to the alleged violation of the Eighth Amendment, Howard was aware that his rights may have been violated on October 1, 2001, and January 7, 2002, when he alleges he did not receive alternative medication. His filing of administrative grievances concerning these claims supports the district court's conclusion that he was aware of these claims. Accordingly, his claims accrued on these dates, and his complaint should have been filed within one year of the conclusion of his administrative proceedings from these grievances. Howard's administrative proceedings were concluded on March 11, 2002, and his complaint was filed on August 29, 2003.

Howard's complaint was clearly filed after the one-year statute of limitations had expired. Accordingly, the district court did not err in finding that Howard's complaint was time-barred.

The statute of limitations may be equitably tolled, however, if the plaintiff lacked actual or constructive notice of the filing requirements, diligently pursued his rights, tolling would not prejudice the defendant, and the plaintiff was reasonably ignorant of the notice requirement. *See Andrews v. Orr,* 851 F.2d 146, 151 (6th Cir.1988). Howard had notice that his constitutional rights may have been violated on the grounds raised in his complaint, evidenced by his filing administrative grievances. Howard does not dispute that he was unaware of the statute of limitations, and exhaustion of state remedies is not required. Accordingly, the district court's conclusion that equitable tolling was inappropriate is correct.

For the foregoing reasons, the district court's order dismissing Howard's complaint as frivolous is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.