NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0151n.06

No. 14-3585

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Feb 25, 2015
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| ZACHARY LESTER, *et al.*, | ) | |
| | ) | |
| Plaintiffs-Appellants, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| WOW CAR COMPANY, LTD., *et al.*, | ) | SOUTHERN DISTRICT OF OHIO |
| | ) | |
| Defendants-Appellees. | ) | |

**BEFORE:  BOGGS and McKEAGUE, Circuit Judges; PEARSON, District Judge.**[*]

**PER CURIAM.**  Zachary Lester and Brandi Lester ("Plaintiffs") appeal the district court's orders (1) denying in part Plaintiffs' motion for leave to file second amended complaint, (2) denying Plaintiffs' motion for adverse inference and sanctions, and (3) granting summary judgment in favor of Amy Hartzler d/b/a Wow Car Company, Wow Car Company, Ltd., Max R. Erwin, Sr. dba Wow Car Company, Mid-Ohio Motor Funding Group, Ltd., The Hartzler-Erwin Group LLC, and Marmax Enterprises LLC ("Defendants")[1] in this action for breach of the implied warranty of merchantability; breach of express warranty; violations of the federal Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 *et seq.*, the Ohio Consumer Sales Practices Act ("OCSPA"), Ohio Rev. Code §§ 1345.01 *et seq.*, and the Ohio Deceptive Trade Practices Act

---

[*] The Honorable Benita Y. Pearson, United States District Judge for the Northern District of Ohio, sitting by designation.

[1] Max R. Erwin, Sr. dba Wow Car Company, Mid-Ohio Motor Funding Group, LTD, The Hartzler-Erwin Group LLC, and Marmax Enterprises LLC are hereinafter referred to as the New Defendants.

No. 14-3585 *Lester, et al. v. Wow Car Co., et al.*

("ODTPA"), Ohio Rev. Code §§ 4165.01 *et seq.*; and joint venture and successor liability. We find no reversible error and AFFIRM the district court's rulings.

In March 2011, Plaintiffs purchased a used 2001 Toyota Celica ("the vehicle"), with over 123,000 miles on it, from Defendant Wow Car Company for $5,493.19. The Celica was sold "as is," and Defendant Wow Car Company expressly withdrew any implied warranties. Mr. Lester testified that he knew Defendant Wow Car Company did not offer any warranties; so when Eric Johnson, the Company's finance manager, suggested that Plaintiffs purchase a service agreement ("Vehicle Service Agreement" or "Warranty") from Coast to Coast Dealer Services, Inc., they did so. The cost of the warranty was $1,598.

Plaintiffs returned to Defendant Wow Car Company with the Celica twice during the first week they owned it complaining of leaking oil. A representative of Wow Car Company instructed Mr. Lester to keep oil in the Celica and offered to contact Coast to Coast Dealer Services, Inc. for him. The representative instructed Plaintiffs to take the Celica to their preferred mechanic. Six days after purchasing the vehicle, the engine blew. Plaintiffs alleged that they submitted a claim to Coast to Coast Dealer Services, Inc., but the claim was denied on the basis that the engine failure was due to excessive oil consumption.

On August 18, 2011, Plaintiffs filed the above-entitled action in the Knox County, Ohio Court of Common Pleas against Wow Car Company, Ltd., Columbus Finance, Inc., and Coast to Coast Dealer Services, Inc.[2] On September 21, 2011, Defendants removed the case to the United

---

[2] Coast to Coast Dealer Services, Inc. was dismissed in the May 16, 2012 Opinion and Order entered by the district court.

No. 14-3585 *Lester, et al. v. Wow Car Co., et al.*

States District Court for the Southern District of Ohio pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.

In July 2012, Plaintiffs, through new counsel, filed an amended complaint against Amy Hartzler dba Wow Car Company, Wow Car Company, Ltd., and Columbus Finance, Inc.[3] The amended complaint included a TILA disclosure claim for the first time.

On June 14, 2013, Plaintiffs filed a motion for leave to file a second amended complaint. Plaintiffs proposed to add four new defendants—Max R. Erwin, Sr. dba Wow Car Company, Mid-Ohio Motor Funding Group, Ltd., The Hartzler-Erwin Group LLC, and Marmax Enterprises LLC—all of whom, Plaintiffs asserted, were associated in some way with either Amy Hartzler or Wow Car Company. In addition, Plaintiffs sought to add TILA and OCSPA violations and raise an alter ego theory of liability. On August 12, 2013, the magistrate judge entered an Opinion and Order that stated, in relevant part:

> … the Court concludes the following. First, any TILA or OSCPA claims which the Lesters wish to assert directly against the four proposed new defendants do not relate back to the original filing date and would be barred by the statute of limitations. Second, the Lesters should be permitted to assert an alter ego claim against the four proposed new defendants, but without prejudice to those defendants' ability to move to dismiss that claim. Third, the Lesters should be permitted to re-plead their TILA claim against Ms. Hartzler, again without prejudice to her ability to re-file her motion to dismiss that claim. The Lesters shall file a second amended complaint in conformance with this order within fourteen days. The motion to amend (Doc. 68) is granted in part and denied in part as set forth in this Opinion and Order.

R. 78 at Page ID # 557-58. The Opinion and Order provides an extensive, detailed analysis of the state of the law in this circuit on the question of whether a claim asserted against a newly joined party

---

[3] A settlement was reached with Columbus Finance, Inc. On February 1, 2013, Columbus Finance, Inc. was dismissed by stipulation of the parties.

"relates back" to the filing of the original complaint under Fed. R. Civ. P. 15(c). *See Ham v. Sterling Emergency Servs. of the Midwest, Inc.*, 575 F. App'x 610 (6th Cir. 2014) (holding that plaintiff's claims were not timely under Rule 15(c)'s relation-back rule). Plaintiffs timely filed a limited objection pursuant to 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a). They

> specifically contest[ed] that supplemental [OCSPA] claims brought against new defendant Max Erwin, Sr. would be barred by the statute of limitations, because the statute of limitations has not run on that supplemental claim, which the Magistrate [Judge] did not address.

R. 79 at Page ID # 560.

On August 26, 2013, Plaintiffs filed a second amended complaint against Amy Hartzler d/b/a Wow Car Company, Wow Car Company, Ltd., Max R. Erwin, Sr. dba Wow Car Company, Mid-Ohio Motor Funding Group, LTD, The Hartzler-Erwin Group LLC, and Marmax Enterprises, LLC.

In September 2013, Defendants filed a joint motion to dismiss certain claims in the second amended complaint. The motion requested, *inter alia*, that the district court dismiss the New Defendants because they are not "alter egos" of Amy Hartzler dba Wow Car Company or Wow Car Company, Ltd.

On November 14, 2013, the district judge entered an Opinion and Order sustaining Plaintiffs' limited objection and granting in part Defendant's joint motion to dismiss. The Opinion and Order provides, in pertinent part:

> In considering the circumstances *sub judice*, the Court finds that the Lester[s'] alter ego claims should be dismissed without prejudice to re-filing if the Lesters establish liability on behalf of the defendants against whom the remaining claims are filed in the instant action. Importantly, this case was filed over two years ago and is scheduled for trial on January 27, 2014. (Order Setting Trial Date and Settlement Conf.; ECF No. 62.) The parties have engaged in extensive discovery, which closed over five months ago. For the Lesters to pursue these alter ego

4

> claims, discovery would necessarily re-open. Further, as the defendants correctly note, the Lesters will suffer no prejudice because the [statute] of limitations on these derivative claims do[es] not begin to run until a plaintiff obtains a judgment and, in any event, the defendants agree to the tolling of the period if that were necessary. Finally, the defendants have stipulated "to preserving the banking records Plaintiffs have subpoenaed, should Plaintiffs ultimately obtain a judgment against Hartzler and decide to file a case against Erwin, Hartzler-Erwin, Marmax, Mid-Ohio and Wow Ltd seeking to establish derivative liability." (Def. Reply at 2; ECF No. 91.)

R. 94 at Page ID # 705.

Thereafter, the parties filed cross-motions for summary judgment. Plaintiffs also filed a motion for adverse inference and sanctions as a result of Amy Hartzler d/b/a Wow Car Company's alleged spoliation of evidence.

On June 6, 2014, the district judge entered an Opinion and Order denying Plaintiffs' motion for adverse inference and sanctions and granting summary judgment in favor of Defendants. R. 140. The Clerk entered a Judgment in a Civil Case on the same day.

Having had the benefit of oral argument, and after a careful review of the record and the briefing of the issues raised by Plaintiffs on appeal, we are not persuaded that the district court erred in denying in part Plaintiffs' motion for leave to file second amended complaint, denying Plaintiffs' motion for adverse inference and sanctions, and granting summary judgment in favor of Defendants. Because the reasons for the decisions have been fully articulated by the magistrate judge and district court in their opinions entered on August 12, 2013, November 14, 2013, and June 6, 2014, the issuance of a detailed opinion by this court would be duplicative and serve no useful purpose.

Accordingly, we AFFIRM the district court's orders (R. 78, R. 94, and R. 140) upon the findings of fact and reasoning set out by that court in its opinions.