**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

File Name: 17a0025n.06

Case No. 16-3085

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

Jan 13, 2017

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| ZACHARY LESTER, *et al.*, | ) | |
| | ) | |
| Plaintiffs-Appellants, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE SOUTHERN DISTRICT OF |
| WOW CAR CO., LTD., *et al.*, | ) | OHIO |
| | ) | |
| Defendants-Appellees. | ) | |
| | ) | |
| | ) | |

BEFORE: SILER, BATCHELDER, and GRIFFIN, Circuit Judges.

**SILER**, Circuit Judge. Plaintiffs Zachary Lester and Brandi Lester brought a series of claims arising out of the sale of a used automobile. Defendants were granted summary judgment on all claims and we affirmed. The Lesters then moved under Fed. R. Civ. Pro. 60(b) for relief from the judgment and the district court denied the motion. We **AFFIRM**.

**FACTUAL AND PROCEDURAL BACKGROUND**

In March 2011, the Lesters purchased a used 2001 Toyota from Defendant Wow Car Company ("Wow"). The Lesters returned to Wow with the Toyota twice during the first week they owned it, complaining of leaking oil. Six days after purchasing the vehicle, the engine failed.

In August 2011, The Lesters filed suit in state court against Wow, Columbus Finance, Inc., and Coast to Coast Dealer Services, Inc., and the case was later removed to the United States District Court. In July 2012, the Lesters filed an amended complaint against Amy Hartzler dba Wow Car Company, Wow, and Columbus Finance, Inc. The amended complaint included a Truth in Lending Act ("TILA") disclosure claim which was not part of the original complaint.

In 2013, the Lesters filed a motion for leave to file a second amended complaint. They proposed to add four new defendants—Max R. Erwin, Sr. dba Wow Car Company, Mid-Ohio Motor Funding Group, Ltd., The Hartzler-Erwin Group LLC, and Marmax Enterprises LLC (collectively "New Defendants")—all of whom, the Lesters asserted, were associated in some way with either Amy Hartzler or Wow. The motion was granted in part and denied in part. Pertinent to this appeal, the Lesters sought to bring TILA and pendant state law claims for improper trading practices against the New Defendants. The district court concluded that the TILA claims against the New Defendants did not relate back to the original filing and so were barred by TILA's one-year statute of limitations.

The Lesters filed a second amended complaint against Amy Hartzler dba Wow Car Company, Wow Car Company, Ltd., Max R. Erwin, Sr. dba Wow Car Company, Mid-Ohio Motor Funding Group, LTD, The Hartzler-Erwin Group LLC, and Marmax Enterprises, LLC.

The district court granted summary judgment in favor of Defendants. The Lesters appealed the grant of summary judgment, and we affirmed. *Lester v. Wow Car Co.*, 601 F. App'x 399 (6th Cir. 2015) (mem.). During the pendency of that appeal, Amy Hartzler and Eric Johnson, the former finance manager for Wow Car Company, Ltd. informed the Lesters' counsel

that they had testified falsely during their 2013 depositions. These two were deposed again as to their knowledge regarding the lawsuit and the business practices used by the Defendants.

On the basis of this new testimony, the Lesters sought post-judgment relief based on equitable tolling, fraud, and the relation back doctrine under Fed. R. Civ. Pro. 60(b). Determining that the content of the new testimony was not specific enough to alter its summary judgment analysis, the district court denied the motion. This appeal followed.

## STANDARD OF REVIEW

The denial of a Rule 60(b) motion is reviewed for an abuse of discretion. *See McGuire v. Warden, Chillicothe Corr. Inst.*, 738 F.3d 741, 750 (6th Cir. 2013).

## DISCUSSION

I.     **The district court did not abuse its discretion in declining to apply equitable tolling to the Lesters' claims against the New Defendants.**

The district court held the Lesters' TILA claims against the New Defendants were time-barred as the New Defendants were not added until the Lesters sought leave to file a second amended complaint in June 2013. The Lesters claim that had the district court considered the new deposition evidence under equitable tolling principles, they would have been permitted to bring their TILA claims against the New Defendants.

As this court has often recited, "[r]epeatedly throughout our judicial history, the Supreme Court has approved the application of equitable tolling to statutes of limitations to prevent unjust results in cases arising at law as well as at equity." *Jones v. TransOhio Sav. Ass'n*, 747 F.2d 1037, 1039 (6th Cir. 1984). In *Jones*, this court recognized the TILA as subject to the equitable tolling doctrine. *Id.* at 1041, 1043. Equitable tolling is sparingly used by federal courts, however. *See Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000).

The district court did not err by not considering the Lesters' equitable tolling argument since even if the district court had conducted an equitable tolling analysis for these claims its decision would not have been different. We use the framework from *Andrews v. Orr* to analyze civil equitable tolling claims. 851 F.2d 146 (6th Cir. 1988). *Andrews* incorporates five factors: "(1) lack of actual notice of filing requirement; (2) lack of constructive knowledge of filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the [particular] requirement." *Id.* at 151. We have also recognized that the five *Andrews* factors are not comprehensive, and ultimately the decision whether to equitably toll a period of limitations "must necessarily be decided on a case-by-case basis." *Truitt v. Cnty. of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998).

The Lesters do not meet the *Andrews* factors. There is no evidence that the Lesters lacked notice or constructive knowledge of the filing requirements. Since the Lesters were aware of the filing requirements, the factor assessing the reasonableness of any ignorance as to the filing requirements is inapposite. Nothing suggests the Lesters dallied on their rights by delaying the litigation but this alone is insufficient to apply equitable tolling. There would be prejudice against the Defendants should the statute of limitations be waived as the actions underlying the TILA claims occurred over five years ago. Since the standard for equitable tolling is not met, it was not error for the district court to omit a discussion of the doctrine.

II.     **The district court did not abuse its discretion when it denied the Lesters' Rule 60(b)(3) motion.**

The Lesters allege that throughout this litigation the Defendants engaged in a broad campaign of misinformation designed to prevent them from bringing their claims against the proper parties. On this basis, they filed a motion for relief from the judgment under Rule

60(b)(3), which allows a court to grant relief for "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3).

We interpreted Rule 60(b)(3) in *Jordan v. Paccar.* 97 F.3d 1452, 1996 WL 528950 (6th Cir. 1996) (per curiam). *Jordan* announced that "Rule 60(b)(3) in the Sixth Circuit requires a demonstration by the moving party, supported by clear and convincing evidence, that one or more of the three kinds of misbehavior referred to in the rule occurred." *Id.* at *9. If the moving party meets this requirement, prejudice is presumed. *Id.* The burden then shifts to the non-moving party to prove by clear and convincing evidence that its misbehavior did not have a prejudicial effect on the outcome of the litigation. *Id.* The parties dispute both prongs of this burden-shifting framework.

As it pertains to the first prong of the analysis—determining if fraud, a misrepresentation, or misconduct occurred—the parties disagree on whether the district court found relevant fraud to have occurred. Read most naturally, the district court found it did not occur since Hartzler's role in the company was not withheld. The basis of this conclusion was Johnson's testimony that employees "were coached to say Amy [Hartzler] was the dealer, Amy [Hartzler] ran the company." It was not an abuse of discretion to rule that the Lesters had knowledge of Hartzler's role in Wow and affiliated entities based on this testimony as the Lesters would have been told that Hartzler operated the company and therefore should have known to name her as a defendant. The district court did not, as the Lesters argue, require the Lesters to show that any fraud which occurred had a prejudicial effect on proceedings. The district court never reached that stage of the burden-shifting framework since it ruled that no relevant fraud occurred and so did not misapply the relevant legal framework.

5

**III.** **The district court did not abuse its discretion when it determined that the relation back doctrine does not save the Lesters' TILA claim against Amy Hartzler.**

The Lesters assert that their TILA claim against Hartzler related back to their original complaint such that the statute of limitations had not run on the claim. Whether a claim asserted against a newly-joined party relates back to the original filing is governed by Rule 15(c). Fed. R. Civ. P. 15(c). Specifically, Rule 15(c)(1) allows an amendment to relate back when:

> **(A)** the law that provides the applicable statute of limitations allows relation back;
>
> **(B)** the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
>
> **(C)** the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
> > **(i)** received such notice of the action that it will not be prejudiced in defending on the merits; and
> > **(ii)** knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

*Id.* The period provided by Rule 4(m) was 120 days when the relevant events occurred. Fed. R. Civ. P. 4(m) (2012) (amended 2015). When considering the relation back doctrine, "Rule 15(c)(1)(C)(ii) asks what the prospective *defendant* knew or should have known during the Rule 4(m) period, not what the *plaintiff* knew or should have known at the time of filing her original complaint." *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 548 (2010) (emphasis in original).

The Lesters argue that Hartzler knew she should have been a party to the suit since she was using an unregistered trade name and was aware of the existence of the lawsuit. The district court concluded that Hartzler had insufficient notice of the lawsuit for the relation back doctrine to apply to the TILA claim against her. The district court focused on Hartzler's testimony at her

later deposition regarding when she became aware of the lawsuit. The relevant testimony reads thus:

> Mr. Doucet: Okay. When was like for sure I know that a lawsuit is involved with this? You know, the Lesters had filed a lawsuit? Where would you say the maximum amount of time would be or the maximum date?
>
> Ms. Hartzler: I have no idea, it's been so long ago. I just remember that [Erwin] was very agitated at me because of that. Because in his mind, I was screwing up his business.
>
> Mr. Doucet: And it wouldn't take him like holding on to those feelings for six months before—
>
> Ms. Hartzler: Oh, no, no, he doesn't do things like that.
>
> Mr. Doucet: It would be within a week?
>
> Ms. Hartlzer: Oh, yeah, it probably would have been the same day most likely. I mean, don't you think? You don't think [Erwin] would have sat on it?

The district court focused on a lack of certainty in the testimony as to exactly when Hartzler learned of the lawsuit and pointed out that there was no evidence introduced to the effect that Hartzler knew or should have known that *she* would have been sued had a mistake concerning party identity not occurred, a distinct inquiry from that into Hartzler's knowledge of the lawsuit's existence. The district court did not abuse its discretion in making these findings. It is not clear from this testimony exactly when Hartzler became aware of the lawsuit, and there is an absence of evidence that Hartzler knew she would have been sued had there not been a mistake made by the Lesters. The correct legal standard was applied, and in conducting its analysis the district court did not abuse its discretion.

The Lesters also assert that TILA claims should now be allowed against the New Defendants under the relation back doctrine to avoid any need for an analysis under equitable tolling principles. Since the New Defendants were added to the complaint and not even

plausibly substituted for an original named defendant, any claims against the New Defendants cannot meet the requirements of Rule 15(c) which speaks only of an amendment changing the party or the naming of a party. *See In re Kent Holland Die Casting & Plating, Inc.*, 928 F.2d 1448, 1450 (6th Cir. 1991) (holding that an amendment adding a new party creates a new cause of action and so does not relate back to the original filing for the purpose of the statute of limitations). Relation back does not apply to these claims either.

For the foregoing reasons, the judgment of the district court is AFFIRMED.